### 46637. HAYES v. THE STATE.

EBERHARDT, Judge. Jimmy Lee Hayes was indicted, tried and convicted of burglary, and he appeals from the overruling of his amended motion for new trial, enumerating as error the overruling of his motion to quash the indictment, as well as the overruling of the motion for new trial. *Held;*

1. The motion to quash the indictment on the ground that it charged the burglarizing of a "trailer truck," and that this is not a building included among those specified in *Code Ann.* § 26-1601, is without merit. The Code section specifically includes "any . . . vehicle."

2. The contention that there was a fatal variance in the allegata and the probata in that there was a failure to prove ownership of the trailer truck as alleged in the indictment is without merit. The indictment charged that the defendant did, "with intent to commit a theft therein, enter the trailer truck of Bellex, Inc., d/b/a GEX of Marietta, Georgia." The proof showed that the trailer was kept immediately back of the store building of GEX for the purpose of storing merchandise, and that Roger Leland, who leased and operated four departments of the

GEX store, kept merchandise in it.

3. The contention that there was a failure to prove that the "subject of the crime was a trailer truck" is without merit. The vehicle was fully described by the witnesses Leland and Officer Ripley in their testimony.

4. The general grounds of the motion for new trial are without merit.

5. It is contended that a charge on conspiracy was not authorized by the evidence. We do not agree. There was testimony from Willis Ezell Berry, to whom the stolen fishing rods and reels were sold or pawned, from Sherman Rosser, who was also indicted and who testified for the defendant, and from the defendant himself, which showed that the defendant, together with Rosser and two others, went to the home of Berry with the stolen property for the purpose of selling or pawning it; that Hayes received $8.00 for some 19 Zebco rods and reels (which were identified by Mr. Leland as being merchandise taken from the trailer); and that the proceeds were divided between the four. Both the defendant and his witness, Rosser, while denying the burglary, admitted that they "figured it was stolen property." Their explanation was that the rods and reels, in a sealed box carrying an address label to the GEX store, were found in the trunk of defendant's car after it had been parked for a while on the street, and that they had no idea as to how these got in the trunk, unless somebody unknown had just put them there. The charge was not error.

*Judgment affirmed. Hall, P. J., and Evans, J., concur. Whitman, J., not participating.*

SUBMITTED OCTOBER 5, 1971—DECIDED NOVEMBER 18, 1971.

*Charles A. Cole, Jr.,* for appellant.
*Ben J. Smith, District Attorney,* for appellee.