## 31762. CROMER v. THE STATE.

HALL, Justice.

In a nighttime altercation in the back yard of relatives of his estranged wife, Cromer killed one sheriff's deputy and wounded another when three deputies sought to arrest him pursuant to a peace warrant and a telephone call reporting a disturbance. Cromer was convicted of murder, sentenced to life imprisonment, and brings this belated appeal by permission. See *Cromer v. Allen,* 237 Ga. 384 (228 SE2d 795) (1976).

Both surviving officers testified that Deputy Holloway announced to Cromer as they approached with flashlights that they were deputies with a warrant for his arrest. Holloway testified that Cromer then swore at them, "You are not going to take me any damn where, you son of bitches." Cromer's wife threw her arms around Cromer; his hand came out of his pocket with his gun, and he began shooting. Two deputies grabbed him. Cromer made every effort to "line up" his weapon on the officers as they struggled to control his gun arm and jam the weapon.

Deputy Holloway testified to Cromer's firing at least four shots. Deputy Morris testified that the second shot felled the deceased Deputy Simpson (who was shot through the heart) and the third hit him, Morris, in the left temple after which he remembered nothing. Holloway eventually disarmed Cromer.

Cromer's unsworn statement was that he had been drinking over a period of several hours; that he had the gun in his hand more or less by accident as the men approached; that they did not announce themselves and he thought they were his wife's relatives; that the gun fired by accident when his hand was grabbed and he never intended to point it at anyone.

1. The evidence supports either malice murder or accident, but not voluntary manslaughter; accordingly, it was not error to fail to charge on voluntary manslaughter. Cf. *Gillespie v. State*, 236 Ga. 845 (225 SE2d 296) (1976).

2. The defense contended at trial that deficiencies in the peace warrant rendered the attempted arrest illegal. The argument that the court erred in refusing to give a requested instruction on defendant's right to use necessary force to prevent an unlawful arrest is without merit. *Napper v. State*, 200 Ga. 626 (38 SE2d 269) (1946). The charge requested was not adjusted to the facts of the case. Cromer did not state that he acted out of fear for his life or safety; he said the gun was pointed and fired solely by mischance. Moreover, nothing in the evidence showed that any force was directed at Cromer which could have provoked his firing—officers merely approached him with flashlights. The cases cited by appellant here do not counsel a different result.

3. Defendant was indicted for malice murder, and the jury was charged on the necessity for finding malice in order to convict. Additionally, the court gave a charge on felony murder in the exact language of Code Ann. § 26-1101 (b), adding the instruction that shooting at another was a felony. However, appellant conceded at oral argument that the state's sole trial theory was malice murder, and the prosecutor made no felony murder argument to the jury. It appears that the court simply chose to add a brief charge on it.

There was no error in charging on felony murder

under an indictment for malice murder. *Burke v. State,* 234 Ga. 512 (216 SE2d 812) (1975). The contention that felony murder was inappropriate here because there was no evidence of any felony extraneous to the assaults from which the death flowed is without merit under our recent ruling in *Baker v. State,* 236 Ga. 754 (225 SE2d 269) (1976). Any error which might have occurred in the abbreviated statement that shooting at another constituted a felony was harmless in that it was "highly probable" that this did not contribute to the conviction. *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869) (1976).

4. Appellant's third enumeration of error was expressly abandoned.

No reversible error appears, and the judgment will be affirmed.

*Judgment affirmed. All the Justices concur, except Ingram and Hill, JJ., who concur in the judgment only.*

ARGUED JANUARY 11, 1977 — DECIDED FEBRUARY 9, 1977 — REHEARING DENIED MARCH 1, 1977.

*James C. Bonner, Jr.,* for appellant.

*David Vaughn, Jr., District Attorney, Charles Crawford, District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler, Staff Assistant Attorney General,* for appellee.