## 32701. BRAXTON v. THE STATE.

Bowles, Justice.

Appellant, Jerome Braxton, was indicted, tried and found guilty of murder. Following the denial of his motion for new trial, he appeals to this court and enumerates six errors in the trial court's charge to the jury. We find no error and affirm.

1. Appellant's first and sixth enumerations of error contend that the trial court erred in failing to charge the jury that voluntary manslaughter is not itself a felony which will invoke the felony-murder rule. Appellant contends that because of our holding in *Malone v. State,* 238 Ga. 251 (232 SE2d 907) (1977), the jury should have been so instructed.

In *Malone,* supra, this court stated that voluntary manslaughter was not a felony in and of itself which would invoke the felony-murder rule as to the death of the main victim. Therefore, in such cases, the jury should be instructed that if they find felonious manslaughter, they should not go on to reason that that offense would turn the killing into murder, under the felony-murder rule.

In the instant case, after charging malice-murder, the court instructed the jury on felony-murder, charging them that "a homicide though unintended if committed by the accused at the time he is engaged in the commission of some other felony constitutes murder." The court charged that aggravated assault was a felony and, that if the jury found the deceased met his death while the defendant was committing an aggravated assault upon him, they would be authorized in finding the defendant guilty of murder.

Following a charge on the elements of aggravated assault the court instructed the jury that "[Y]ou must find, however, before you would be authorized to find the defendant guilty of murder while in the commission of a felony that the State has shown to a reasonable and moral

certainty and beyond all reasonable doubt. . . all of the elements of the offense of aggravated assault and that the deceased came to his death while the defendant was committing the offense of aggravated assault upon him. . ."

We find the charge clearly instructed the jury that in order for them to find the defendant guilty of murder while in the commission of a felony, they would be required to find the defendant guilty of aggravated assault. The court's charge made it clear that voluntary manslaughter could not be the felony which would invoke the felony-murder rule, and thus, specific limiting instructions to that effect need not have been given.

2. Appellant's second and third enumerations of error contend that the court erred in charging the jury on felony-murder, when appellant was, he contends, only indicted for malice murder. Appellant argues that this alleged inconsistency between the indictment and charges on felony-murder, malice-murder and aggravated assault, misled and confused the jury in reaching their verdict.

The indictment charged the appellant with the offense of murder, in that appellant had "unlawfully and with force and arms, feloniously, and with malice aforethought, with a pistol and revolver, which he had and held, the same being a weapon likely to produce death, *make an assault upon Edward Birdsong,* and the said accused, with said weapon, did then and there unlawfully, feloniously, and with malice aforethought shoot the said Edward Birdsong, thereby giving to him mortal wounds, of which wounds the said Edward Birdsong then and there died." (Emphasis supplied.)

Only recently, we held that it was not error to charge a jury on felony-murder under an indictment for malice-murder. *Cromer v. State,* 238 Ga. 425 (233 SE2d 158) (1977).

The indictment charged the appellant with murder. In doing so, it accused the appellant of having made an assault upon the victim with a deadly weapon, and then, with malice aforethought, inflicting upon him a mortal wound. The wording of the indictment and our decision

in *Cromer,* supra, do not preclude a charge on felony-murder, and we hold that it was not error for the court to charge the jury on felony-murder along with malice-murder and aggravated assault. The charges relating to aggravated assault were necessary to invoke the felony-murder rule and in no way misled or confused the jury.

3. Appellant contends that the court erred in charging the jury that they might disregard the testimony of any witness only if that witness wilfully and corruptly testified falsely to any fact, and further, that the court erred in charging that in manslaughter there is no malice — expressed or implied.

The appellant has taken these charges out of context, and a reading of the charge as a whole indicates that the complained of charges were correct statements of the law. Appellant's enumerations of error numbered four and five are, therefore, without merit.

4. Appellant contends that the trial court erred in failing to charge, in the absence of request, the law on involuntary manslaughter. This enumeration of error number seven was added by amendment after the time for filing the enumerations in this court had expired. Notwithstanding, appellant's enumeration is without merit.

Recently we held in *Stonaker v. State,* 236 Ga. 1 (222 SE2d 354) (1976), that a trial judge is required to charge on a lesser included offense only if the charge is warranted by the evidence *and the request to charge is in writing.* However, our decision in *Stonaker,* supra, is to be applied prospectively and only to those cases tried after January 27, 1976. See *Graham v. State,* 236 Ga. 378, 384 (223 SE2d 803) (1976); *Kessel v. State,* 236 Ga. 373, 374 (223 SE2d 811) (1976); *Radford v. State,* 238 Ga. 532 (233 SE2d 785) (1977). In the instant case no request to charge involuntary manslaughter was made. Thus, under our present ruling in *Stonaker,* supra, we would find no error in the court's failure to charge on involuntary manslaughter.

This case, however, was tried on May 19, 1975, and, therefore, *Stonaker,* supra, does not apply. Nevertheless, under previous decisions of this court, we find appellant's

enumeration of error to be without merit.

Prior to *Stonaker,* supra, we stated that "[W]here the evidence (and the defendant's statement, if one was made), taken together or separately, raise a doubt, although slight, as to the intention to kill, the law of involuntary manslaughter should be given in charge." *Howell v. State,* 123 Ga. App. 306 (1) (180 SE2d 599) (1971); *Kerbo v. State,* 230 Ga. 241 (196 SE2d 424) (1973). Thus, prior to January 27, 1976, a trial court was required to give a charge on involuntary manslaughter even when no request was made, when the evidence raised a doubt, however slight, as to intent.

In considering appellant's enumeration of error based on the omission of instructions as to involuntary manslaughter we must examine the evidence to see if there was any evidence as to lack of intention to kill.

The state presented the testimony of three witnesses who saw appellant shoot the victim. Johnny Birdsong, brother of the deceased, testified that he, the deceased and a drunken friend, Sammy Sims, were at a bar in Macon on the day in question. Sims had been drinking and was feeling sick. With the assistance of the Birdsong brothers, Sims proceeded to go outside for fresh air but as he got to the door, he fell. The witness testified that as he and his brother were helping Sims, the appellant took Sims' wallet. An argument ensued between the appellant and the victim, who insisted that appellant return Sims' wallet. Appellant pulled a pistol and said to the victim "you don't believe I'll shoot you. . .?" Thereafter, the appellant fired one shot in the ground and three more in rapid succession striking the victim in the midsection. Neither of the Birdsong brothers was armed. Two other witnesses for the state corroborated the testimony of Johnny Birdsong.

Appellant's account of the events which led to the shooting differed sharply from that of the state, and raised the issue of self-defense. Appellant testified that he had noticed a wallet on the sidewalk and picked it up before going inside the bar. As he went inside, Johnny Birdsong told him that the wallet belonged to his friend, Sims. Appellant testified that he returned the wallet. Appellant further testified that Johnny came inside and accused

appellant of taking money from Sims' wallet. The victim also accused appellant of taking money. Appellant stated that they went back outside and that the victim became angry and used profane language. Appellant testified that he saw the victim reach into his pocket and thought he was going for a gun or knife, whereupon appellant shot the victim, intending to hit him in the leg.

There are two types of involuntary manslaughter, both involving the death of another human being "without any intention to do so." Code Ann. § 26-1103. Subsection (a) of that Code section concerns itself with the first type of involuntary manslaughter, which is applicable only to those cases wherein death results "by the commission of an unlawful act *other than a felony.*" The unlawful act in issue in the instant case, was not *"other than a felony."* A gun is a deadly weapon. Assault with a deadly weapon constitutes aggravated assault, a felony. Code Ann. § 26-1302. Aggravated battery is also a felony. Code Ann. § 26-1305. Code Ann. § 26-1103 (a) simply is not applicable to the facts in this case, and, therefore, the trial court did not err in not charging involuntary manslaughter in the commission of an unlawful act other than a felony. See *Jackson v. State,* 234 Ga. 549 (216 SE2d 834) (1975).

The second type of involuntary manslaughter applies to those cases where death results "by the commission of a lawful act in an unlawful manner likely to cause death or great bodily harm." Code Ann. § 26-1103 (b). There is no evidence that the appellant killed the deceased while in the commission of a lawful act, and therefore, under the evidence in this case, the court did not err in failing to instruct the jury as to Code Ann. § 26-1103 (b).

*Judgment affirmed. All the Justices concur.*

Argued September 20, 1977 — Decided October 21, 1977.

*Brayton S. Dasher,* for appellant.
*Walker Johnson, District Attorney, Thomas Matthews, Willis B. Sparks, III, Assistant District Attorneys, Arthur K. Bolton, Attorney General, Susan V.*

*Boleyn, Staff Assistant Attorney General,* for appellee.