*Assistant District Attorney,* for appellee.

## 35594. PHELPS v. THE STATE.

NICHOLS, Chief Justice.

Ronnie Phelps was convicted of murder and sentenced to life imprisonment.

The jury heard evidence authorizing the following facts to be found: Phelps and Julius Edward Washington had a scuffle in Swan's Pool Room in Macon. Bystanders separated the two and both left the premises. Phelps contacted several persons outside the pool room seeking to buy or borrow a pistol. Washington returned to the pool-room that evening. A few minutes later, Phelps returned. In the presence of numerous patrons of the poolroom, Phelps told Washington, "Give me my money." Washington tried to run. Phelps shot him in the back from a distance of 10 to 15 feet. The deceased was unarmed and did not have a pool cue in his hands. Medical testimony established that a bullet wound in the left upper back was the cause of death. The bullet transected the cervical cord.

Phelps testified that several persons in the pool hall jumped on him and were kicking him; that the deceased had a pistol; that someone handed him a pistol; that the deceased "made a move" and he shot the deceased. Phelps' statement contained no mention of a gun in the possession of the deceased but did recite that when the deceased started running Phelps fired one time. Phelps' statement thus was consistent with medical testimony that the deceased was shot only once in the back.

Construing the foregoing evidence most favorably to support the verdict, this court holds that any rational trier of the facts could have found Phelps guilty beyond a reasonable doubt. Jackson v. Virginia, —— U. S. —— (99 SC 2781, 61 LE2d 560) (1979).

1. Phelps contends that his conviction is void because he was charged in the indictment with malice murder whereas the jury returned a verdict of guilty of felony murder. He concedes that under the holdings of this court in *Burke v. State,* 234 Ga. 512, 514 (216 SE2d 812) (1975); *Baker v. State,* 236 Ga. 754 (225 SE2d 269) (1976);

*Cromer v. State,* 238 Ga. 425 (233 SE2d 158) (1977); *Braxton v. State,* 240 Ga. 10 (239 SE2d 339) (1977), that this enumeration is without merit, but urges that those cases be overruled. This court declines to do so. The underlying felony was aggravated assault. The first enumeration of error is without merit.

2. He contends in the second enumeration of error that the court erred in its charge on insanity. The trial court charged, "Every person is presumed to be of sound mind and discretion, but the presumption may be rebutted. The acts of a person of sound mind and discretion are presumed to be the products of the person's will, but that presumption may be rebutted.

"A person shall not be found guilty of a crime if, at the time of the act, omission or negligence constituting the crime such person did not have mental capacity to distinguish between right and wrong in relation to such act, omission or negligence.

"A person shall not be found guilty of a crime when at the time of the act, omission or negligence constituting the crime, such person, because of mental disease, injury or congenital deficiency, acted as he did because of a delusional compulsion as to such an act which overmastered his will to resist committing the crime."

Phelps did not file a plea of insanity. The issue was raised by his mother's testimony that she was not sure he had the capacity to determine right from wrong. The charge in the present case sufficiently informed the jury as to the quantum of proof required and did not impermissibly shift the burden of proof of any element of the crime to Phelps as contended. County Court of Ulster County v. Allen, —— U. S. —— (99 SC 2213, 60 LE2d 777) (1979); *Skrine v. State,* 244 Ga. 520 (260 SE2d 900) (1979); *Tucker v. State,* 245 Ga. 68 (1980). There is no merit in this enumeration of error.

3. Phelps argues in the third enumeration of error that the court erred in charging the jury on flight. He contends that there was no evidence from which an inference could be drawn that he was attempting to avoid arrest. The evidence was that immediately following the shooting of the victim Phelps left the poolroom and was not seen or heard from for several hours until he turned

himself in at the police station. This evidence was sufficient to authorize the charge on flight. *Harris v. State,* 234 Ga. 871 (218 SE2d 583)(1975). There is no merit in this enumeration of error.

4. Phelps contends in the fourth enumeration of error that the trial court erred in its charge on involuntary manslaughter. He requested a charge on involuntary manslaughter and the trial court charged in the language of Code Ann. § 26-1103 (b), including the penalty provision provided therein. The evidence in the case did not require a charge on involuntary manslaughter and the giving of the charge requested was a benefit to him rather than harmful. *Hardy v. State,* 242 Ga. 702 (4 g) (251 SE2d 289) (1978). There is no merit in this enumeration of error.

5. He contends in enumerations of error 5, 8 and 9 that the court erred in its charge on the credibility of witnesses in that it expressed an opinion that was in derogation of his defense of insanity.

He argues that the portion of the charge authorizing the jury to consider the intelligence or lack of intelligence of witnesses was in error. The intelligence or lack of intelligence factor was in effect highlighted, he contends, due to his acute lack of intelligence. A similar contention was made in *Ward v. State,* 239 Ga. 205, 206 (236 SE2d 365) (1977), where this court held, "The court's charge shows that the intelligence factor was not highlighted or singled out; it was one of several factors which could be considered. The charge given was identical to the pattern charge prepared by the Council of Superior Court Judges and very similar to the charge approved by this court in *Campbell v. State,* 237 Ga. 76, 77 (226 SE2d 601) (1976)." Neither was the charge an expression of opinion. There is no merit in these enumerations of error.

6. In enumerations of error 6 and 7 he contends the trial court erred in failing to give his request to charge on reasonable doubt and in charging that he had an interest in the result of the trial.

"The trial judge correctly covered the subject matter of these requests to charge and the other issues in the case. The charge as a whole was not prejudicial to defendant and it is no longer necessary to give the exact language of

requests to charge when the same principles are fairly given to the jury in the general charge of the court." *Herrmann v. State,* 235 Ga. 400, 402 (220 SE2d 2) (1975). The charge as to his interest in the case merely stated a self-evident fact and was proper. *Blair v. State,* 144 Ga. App. 118, 119 (4) (240 SE2d 319) (1977). There is no merit in these enumerations of error.

7. He contends in the tenth enumeration of error that there was no evidence to authorize the charge on voluntary drunkenness.

On cross examination, he testified, "Q. Just drinking? You mean you weren't keeping count? A. Yes. It wasn't — it wasn't that much. It don't take that much of gin to sneak up on me." This testimony was sufficient to authorize the charge on voluntary intoxication. There is no merit in this enumeration of error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 9, 1979 — DECIDED FEBRUARY 27, 1980.

*Hugh Q. Wallace,* for appellant.

*W. Donald Thompson, District Attorney, Willis B. Sparks, III, Assistant District Attorney, Arthur K. Bolton, Attorney General, William B. Hill, Jr., Assistant Attorney General,* for appellee.