### 36413. DeFRANCIS v. MANNING.

UNDERCOFLER, Chief Justice.

DeFrancis, as superintendent of the men's unit of the Middle Georgia Correctional Institution, appeals from the grant of habeas corpus relief to Manning who was convicted of burglary and sentenced on April 23, 1974, to 15 years in prison. The sentence later was commuted to 14 years.

The facts are not in dispute. Appellant's single enumeration contends the trial court erred in holding that the appellee's right to due process under the Fourteenth Amendment had been violated by his conviction for burglary under Code Ann. § 26-1601 (Ga. L. 1968, pp. 1249, 1287).

The indictment under which the appellee was convicted recited that on the 13th day of March, 1974, he did "unlawfully without authority and with intent to commit a theft therein enter that certain vehicle, same being a gray Ford truck, being the property of and owned by McKesson Wine and Spirits Company, a division of Foremost-McKesson, Inc., said truck being located on 10th Avenue West in the City of Cordele, Crisp County, Georgia, at the time of said entry therein by the said accused."

At the time of Manning's conviction, burglary was defined in Code Ann. § 26-1601 (Ga. L. 1968, pp. 1249, 1287) thusly:

"Burglary. A person commits burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another, or any building, *vehicle,* railroad car, aircraft, watercraft, or other such structure *designed for use as the dwelling of another,* or enters or remains within any other building or any room or any part thereof. A person convicted of burglary shall be punished by imprisonment for not less than one nor more than 20 years." (Emphasis supplied.)

The parties stipulated that no proof was offered at trial that the truck was "designed for the use as the dwelling of another."

The habeas court held that as part of the description of the particular offense, the fact that the vehicle was designed as a dwelling was an essential element of the offense which must be alleged, citing as authority United States v. Cruikshank, 92 U. S. 542 at 556 (23 LE 588) (1875), United States v. Carll, 105 U. S. 611 (26 LE 1135) (1882); *McCain v. Smith,* 221 Ga. 353 (144 SE2d 522) (1965); *Hilliard v. State,* 87 Ga. App. 769 (75 SE2d 173) (1953); Walker v. United States, 342 F2d 22 at 26-27 (5th Cir. 1965).

The habeas court then held that the indictment under which the appellee was charged did not confer jurisdiction to try and convict him of the burglary of a motor vehicle. Code Ann. § 27-2509. Thus, he stood before the court convicted of a charge never effectively made, DeJonge v. Oregon, 299 U. S. 353 (1937), and that the Due Process Clause of the Fourteenth Amendment afforded no discretion except to grant the writ and order the appellee discharged from custody.

We think the habeas court ruled properly and affirm.

Appellant argues that Manning was properly charged and convicted under an appellate decision as of the date he was indicted and convicted. Further, he argues that the district attorneys of this state have a right to rely upon current interpretations of statutes at the time they pursue a prosecution. We do not disagree. However, a brief history of applicable interpretations may be helpful in putting the issue into proper perspective.

The Court of Appeals, in a three-judge decision in *Hayes v. State,* 125 Ga. App. 55 (186 SE2d 435) (1971), held that the burglary statute was broad enough to include " 'any . . . vehicle.' " No application was made for writ of certiorari from that decision. *Hayes* had not been overturned at the time of appellee's conviction. In *Massey v. State,* 141 Ga. App. 557 (234 SE2d 144) (1977), eight judges, sitting en banc, overturned *Hayes* and ruled that "the clear intent of this statute is that for a person to be guilty of burglary of a vehicle such vehicle must be designed for use as a dwelling." No application was made for writ of certiorari to the *Massey* ruling. In *Crews v. State,* 142 Ga. App. 319 (235 SE2d 756) (1977), a three-judge

decision made the rule in *Massey* applicable to cases still pending on direct review at the time *Massey* was decided. Again there was no application for writ of certiorari.

We agree with the habeas court that under the circumstances of this case, the retroactivity of *Massey,* supra, is not an issue and so much to the contrary in *Crews,* supra, is overruled. "It is axiomatic that a conviction upon a charge not made or upon a charge not tried constitutes a denial of due process." Jackson v. Virginia, 443 U. S. 307, 314 (99 SC 2781, 61 LE2d 560) (1979). See also United States v. United States Coin & Currency, 401 U. S. 715 (1971).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 27, 1980 — DECIDED SEPTEMBER 9, 1980.

*Arthur K. Bolton, Attorney General, Nicholas G. Dumich, Assistant Attorney General,* for appellant.

*James C. Bonner, Jr.,* for appellee.