### 40458. McCRARY v. THE STATE.

HILL, Chief Justice.

Michael Wayne McCrary was indicted and tried for the malice murder of his cousin, Greg Barksdale Brooks. He was found guilty of felony murder and sentenced to life in prison. He appeals.[1]

The victim was last seen on Friday evening, June 4, 1982, in the company of the defendant and George Martin (also a cousin) and two girls, fifteen and sixteen years old. Earlier that day the victim had been given a $25.00 cash deposit for the rental of his home in Red Oak in Fulton County. When the group returned the victim to his home after about three hours of driving around, the defendant got out of

---

[1] The defendant was convicted on October 6, 1982. A motion for new trial was timely filed and the transcript of evidence was promptly prepared and was filed on October 21, 1982. The motion for new trial was amended on November 22 and was promptly heard and overruled on November 24, 1982. Notice of appeal was timely filed but the record did not reach this court until October 20, 1983. The appeal was briefed and submitted for decision by this court on December 2, 1983.

the car and asked the victim for some money. While they were talking, one of the girls got tired of waiting and walked down the road. After a few minutes George Martin and the other girl drove down the road to find her, but when they could not they returned after about ten minutes to the victim's house to pick up the defendant. As they arrived, they found the defendant emerging from the bushes. As he got in the car, he said: "Man, I had to hit that . . . a couple of times." Then he took out some money and began counting it. The victim was never seen alive again.

After that night, George Martin heard the defendant make statements to the effect that the victim would not be around any more. A few weeks later, while with his brother, Kevin McCrary, and another cousin, Thomas McCrary, the defendant confided to them that he had put the victim down the well at his house head first. Kevin looked down the well but did not see anything; he returned about a week or week and a half later with the victim's brother and saw an object in the well. The police were called and the victim's badly decomposed body was removed from the well. Because of the condition of his body, it could not be established whether or not he also drowned, but it was clear to the medical examiner that the 2 skull fractures on his head, which possibly resulted from hitting 2 pipes at the bottom of the 40 foot well, would have been fatal.

The defendant testified that he had been with his cousins and the two girls on an earlier evening, May 28, 1982, and did not see the victim on June 4, 1982, the day he was last seen alive. He did state, however, that on that earlier date he had stayed with the victim to finish a half pint of whiskey while George Martin and one of the girls drove off to find the other girl who had gotten out of the car, that the whiskey was soon finished, and that he walked down the road to his mother's house where he was picked up by the returning George. He denied that he killed the victim.

Although the evidence as to robbery is circumstantial, the evidence is sufficient to support the conviction of the defendant for felony murder. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The trial court charged the jury on the definitions of malice murder, felony murder and robbery, and the evidence warranted those instructions.[2]

---

[2] The defendant apparently did not request, and he did object to, the trial court's charges related to felony murder and armed robbery. Consequently, we are not faced here with the problem presented in *State v. Hightower,* 252 Ga. 220 (312 SE2d 610) (1984), where the defendant requested that the jury be charged on a crime not set out in the indictment.

However, the indictment charged the defendant with the offense of murder and alleged that the accused, on June 4, 1982, "did unlawfully and with malice aforethought, cause the death of Greg Barksdale Brooks, a human being, by striking and beating him with, and by throwing him against some object which is to the Grand Jurors, unknown."

The defendant enumerates as error that his conviction for felony murder, with the underlying felony being robbery, was a violation of the due process clauses of the state and federal constitutions, and that his conviction for felony murder, with the underlying felony being robbery, was error because there was a material variance between the indictment and the evidence adduced at trial. The criteria for determining whether there is a fatal variance between the indictment and the evidence are set out in *DePalma v. State,* 225 Ga. 465, 469-470 (169 SE2d 801) (1969), adopting those set out by the United States Supreme Court in Berger v. United States, 295 U. S. 78, 82 (55 SC 629, 79 LE 1314) (1935): "The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at trial; and (2) that he may be protected against another prosecution for the same offense." Accord, *Wilson v. State,* 250 Ga. 630, 633 (300 SE2d 640) (1983).

In *Goldin v. State,* 104 Ga. 549, 550 (30 SE 749) (1898), the defendant was indicted for assault with intent to rape and the jury found him guilty of assault and battery. This court reversed, finding that the indictment did not allege a battery, saying: "It is an elementary principle of criminal procedure that no person can be convicted of any offense not charged in the indictment. There may, of course, be a conviction of a lesser offense than that expressly named in the indictment, where the former is necessarily included in the latter, and also in some cases in which the lesser is not so included in the greater offense but where the language used in the indictment is sufficient to embrace the smaller offense."

In *Watson v. State,* 116 Ga. 607, 612 (43 SE 32) (1902), a conviction of pointing a pistol at another was upheld where the indictment had charged murder and alleged that the murder was caused by the defendant's shooting and discharging a loaded pistol at the victim and thereby wounding him and causing his death. There the court found: "Of course, in order for a conviction of a lesser crime to be warranted, the greater must either necessarily include within itself all of the essential ingredients of the lesser, or, if not necessarily included, but may or may not be involved according to the circumstances of the particular case, the indictment must itself, in

describing the manner in which the higher offense was committed, contain all of the averments necessary to constitute the lower."

More recently in *DeFrancis v. Manning,* 246 Ga. 307, 309 (271 SE2d 209) (1980), we again recognized that all of the essential elements of the crime of which the defendant is convicted must be included in the indictment, saying: " 'It is axiomatic that a conviction upon a charge not made or upon a charge not tried constitutes a denial of due process.' Jackson v. Virginia, 443 U. S. 307, 314 (99 SC 2781, 61 LE2d 560) (1979)."

The law puts a defendant on notice that he "may be convicted of a crime included in a crime charged in the indictment or accusation" and it defines included crimes. OCGA § 16-1-6 (Code Ann. § 26-505). From the foregoing, we conclude the following: Due process of law requires that the indictment or accusation put the defendant on notice of the crimes with which he is charged and against which he must defend. A defendant is on notice of the crime charged (named) in the indictment or accusation and (1) lesser crimes which are included in the crime charged as a matter of law, OCGA § 16-1-6 (Code Ann. § 26-505), supra (e.g., voluntary manslaughter is included in murder as a matter of law; assault is included in aggravated assault; battery is included in aggravated battery) and (2) other lesser crimes which are shown by the facts alleged to show how the crime charged was committed. Also, a defendant indicted in two counts, one for the malice murder of the deceased and the other for the armed robbery of the deceased at the same time, is on notice that he may be found guilty of the felony murder of the deceased, armed robbery being the felony. But a defendant indicted only for malice murder cannot be convicted of felony murder unless the defendant has been put on notice of the felony by the facts alleged to show how the murder was committed.

The cases cited by the state do not depart from this rule; in fact they support it. In *Sutton v. State,* 245 Ga. 192 (264 SE2d 184) (1980) (victim shot with a pistol), *Phelps v. State,* 245 Ga. 338 (265 SE2d 53) (1980) (victim shot with a pistol), and *Taylor v. State,* 245 Ga. 501 (265 SE2d 803) (1980) (victim stabbed with a butcher knife), the defendants were convicted of felony murder under malice murder indictments, but a review of the records in those cases shows that in each of them the indictments alleged that the defendant made an "assault" upon the victim with a deadly weapon; i.e., essential elements of the underlying felony involved, aggravated assault, were shown by the facts alleged in the indictments.[3] That is not so here.

---

[3] In *Cromer v. State,* 238 Ga. 425 (233 SE2d 158) (1977), the indictment charged the defendant with malice murder by shooting the victim with a pistol. Although

In the case before us the underlying felony presented by the evidence and charged to the jury was robbery. There is nothing in the indictment fairly putting the defendant on notice that he would be required to defend himself against such a charge at trial. This is a denial of the due process requirement of notice. See Berger v. United States, supra, 295 U. S. at 82; *State v. Williams,* 247 Ga. 200, 202 (275 SE2d 62) (1981); *Rowe v. State,* 166 Ga. App. 836 (1) (305 SE2d 624) (1983). Therefore, his conviction for felony murder under this malice murder indictment denied him due process of law and cannot stand. See Watson v. Jago, 558 F2d 330 (6th Cir. 1977).

Because we have found the evidence sufficient to support the defendant's conviction for felony murder under the test set forth in Jackson v. Virginia, supra, the state may reindict the defendant properly for felony murder, United States v. Ewell, 383 U. S. 116 (86 SC 773, 15 LE2d 627) (1966); United States v. Poll, 538 F2d 845, 847 (9th Cir. 1976); but not for malice murder for which he has impliedly been acquitted, Green v. United States, 355 U. S. 184 (78 SC 221, 2 LE2d 199) (1957).

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 17, 1984 —
REHEARING DENIED MAY 15, 1984.

*Bergin & Bass, Michael E. Bergin,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Thomas W. Hayes, Assistant District Attorneys, Michael J. Bowers, Attorney General, Paula K. Smith, Staff Assistant Attorney General,* for appellee.

---

*Cromer* may be subject to criticism on other grounds, it does not support the state's argument here.

The issues raised in *Scott v. State,* 250 Ga. 195, 196 (297 SE2d 18) (1982), are not the same as the issues raised here.