## 41507. MIDDLEBROOKS v. THE STATE.
(324 SE2d 192)

SMITH, Justice.

Appellant, Chester Middlebrooks, was tried and convicted before a Clarke County jury for the felony murder of Patricia Lumpkin. He was sentenced to life imprisonment. On appeal, he raises four enumerations of error. We affirm.[1]

Appellant and the victim began dating in early 1982. He began paying a portion of the monthly rent for her apartment in May 1983. In the summer of 1983, appellant and the victim began fighting because she had begun seeing another man.

On August 27, 1983, appellant slapped the victim. She filed battery charges against him on September 6. He did not give her any money for the September rent.

On September 20 of that year, appellant and the victim began arguing at a friend's house. She said that she could not be with him that night because she had something else to do. During the argument, the other man came to the friend's apartment to find the victim. Apparently, he had planned to meet her that night.

The victim's friend went outside to tell the other man to leave. As they were talking outside, they heard shots fired. The victim had been shot four times and was dead. Appellant was holding a pistol.

1. We find the evidence produced at trial sufficient to have authorized a rational trier of fact to conclude that appellant was guilty beyond a reasonable doubt of the murder of Patricia Lumpkin. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant, in his first enumeration of error, contends that the trial court should not have charged the jury on the law of felony murder because appellant was not indicted for the felony that supported the felony murder charge, and thus was surprised by the felony murder charge.

In McCrary v. State, 252 Ga. 521 (314 SE2d 662) (1984), we held that "a defendant indicted only for malice murder cannot be convicted of felony murder unless the defendant has been put on notice of the felony by the facts alleged to show how the murder was committed." McCrary, supra at 524. Here, appellant was charged in the indictment with malice murder and with possession of a pistol during the commission of a crime. The indictment alleged that appellant shot the victim with a pistol, "contrary to the laws of [this] state."

---

[1] The crime was committed on September 20, 1983. The Clarke County jury returned its verdict of guilty on May 18, 1984. A motion for new trial was filed on May 24, 1984. The motion was heard and overruled on July 10, 1984. Notice of appeal was filed on July 31, 1984 and the transcript of evidence filed June 14, 1984. The record was docketed in this court on September 11, 1984, and argued October 10, 1984.

The trial court charged the jury on felony murder with aggravated assault as the supporting felony.

We find that this indictment included facts sufficient to show that appellant committed an aggravated assault on the victim.[2] Accordingly, we find no error.

3. Appellant, in his second and third enumerations, contends that the trial court erred in allowing the warrant for appellant's battery charge in as evidence of appellant's state of mind, and in failing to instruct the jury that the warrant could not be used to show the truth of its contents.

In light of the evidence in this case, we hold that in all likelihood the admission of the evidence and the failure to instruct did not contribute to appellant's conviction. We find no reversible error. *Gaskins v. State*, 250 Ga. 386 (297 SE2d 729) (1982).

4. Appellant's final enumeration cites as error the trial court's refusal to allow appellant's attorneys to conduct an examination of a child witness on the issue of competency.

OCGA § 24-9-7 (a) states: "The competency of a witness shall be decided by the court. The court shall by examination decide . . ." The trial court's decision will not be overturned absent an abuse of discretion. *Smith v. State*, 247 Ga. 511 (277 SE2d 53) (1981). Here, under the court's examination, the child witness indicated that she understood the gravity of the situation, knew that she must tell the truth, and understood that she could be punished if she did not tell the truth. The trial court's examination was sufficient to determine the competency of the witness under the standards of *Smith*, supra, and no cross-examination on the issue of competency was necessary. We find no error.

5. For the foregoing reasons, we find that the trial court did not err in denying appellant's motion for a new trial.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 9, 1985.

*Cook, Noell, Tolley, Aldridge & Morris, Edward D. Tolley,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie*

---

[2] While the indictment here set out enough facts to establish the assault underlying the felony murder charge, we note that the better method is to allege, in the murder indictment, the specific felony to be used in a felony murder charge. See *Sutton v. State*, 245 Ga. 192 (264 SE2d 184) (1980).