## 43251. FRALEY v. THE STATE.
### (345 SE2d 590)

HUNT, Justice.

From his conviction and life sentence for the felony murder of Hubert Muhamad, the defendant, Kenneth Wayne Fraley, appeals.[1]

On the evening of November 13, 1982, Fraley and a friend, known only as "Cleve," went to the victim's barber shop in Atlanta. After getting a trim, Fraley and Cleve helped Muhamad clean his shop, and the three of them left thereafter in Muhamad's car for a Simpson Avenue address, ostensibly to purchase marijuana. On arrival, before they exited the car, an argument and scuffle over money ensued between Cleve and the victim, and the victim hit Fraley on his previously injured arm. Fraley jumped out and pulled the victim from the passenger side of the car. Both he and Cleve were involved in the assault on the victim which involved throwing him to the ground, kicking and choking him. From the conflicting eyewitness testimony, it could have been concluded that either Fraley or Cleve choked the

---

[1] The killing occurred on November 13, 1982. The defendant was indicted on February 25, 1983; tried and convicted on August 8-9, 1983; and sentenced on August 10, 1983. He filed his motion for new trial on August 25, 1983, which was overruled on December 6, 1985. His notice of appeal was filed on December 19, 1985, and docketed here on February 27, 1986. It was submitted for our decision on April 11, 1986.

victim. When an upset neighbor got his shotgun and fired once in the air, the defendant and Cleve left the scene in the victim's car.

The victim, aided by bystanders, staggered to a chair at a cab stand, drank some water and collapsed. He was dead when the police arrived. Expert testimony indicated that his death was the result of asphyxiation caused by strangulation.

Fraley returned to the scene an hour and a half later and when told of the victim's death he remarked that he did not give a damn. He was arrested a month later and charged with malice murder.

1. The defendant enumerates as error that the evidence is insufficient to support the verdict. The jury was entitled to conclude, however, that the defendant either was a principal in strangling the victim or that he aided and abetted the third person, Cleve, in doing so. Thus, having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of the crimes of which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The defendant, relying on *McCrary v. State*, 252 Ga. 521 (314 SE2d 662) (1984), contends that his conviction for felony murder must be set aside because he was not indicted for the underlying felony which in this case was aggravated assault, and that the indictment did not otherwise notify him of the felony charged. He contends there was a fatal variance between the indictment and the evidence.

In *McCrary* we held that "a defendant indicted only for malice murder cannot be convicted of felony murder unless the defendant has been put on notice of the felony by the facts alleged to show how the murder was committed." *McCrary*, supra at 524. Here, the indictment charged that Fraley "did unlawfully and with malice aforethought, cause the death of Hubert Muhamad, a human being, by manually strangling him. . . ." We find that sufficient facts were included in that charge to put the defendant on notice that he committed an aggravated assault upon the victim and that the victim died as a result. See *Middlebrooks v. State*, 253 Ga. 707 (2) (324 SE2d 192) (1985). Compare *Welch v. State*, 254 Ga. 603, 606 (331 SE2d 573) (1985).

Moreover, the trial court conducted a pre-charge hearing at the conclusion of the evidence and upon considering various requests from counsel for the state and the defendant, announced that he would instruct the jury on the offenses of malice murder, felony murder, voluntary manslaughter, and both types of involuntary manslaughter. Counsel for the defendant participated in this procedure which included a discussion of whether felony murder should be charged, and offered no objection. After the charge, the trial court inquired as to objections and the defendant stated he had none and

did not reserve the right to object on motion for new trial or appeal. Thus, to the extent the jury instructions bear on this issue, any enumeration of error is waived. See *Jackson v. State*, 246 Ga. 459, 460 (271 SE2d 855) (1980).

Based on the indictment, the evidence and the jury instructions, the felony murder conviction was authorized, and we find no merit in defendant's contentions to the contrary.

3. Fraley argues next that prosecutorial misconduct involving an "editorial comment" and an attempt to pierce his right to remain silent deprived him of due process of law and a fair trial.

The first incident involved the prosecutor's query to the main investigator as to why charges had been brought only against the defendant and not against Cleve. Appellant's objection was sustained by the court, after which the prosecutor remarked that if defense counsel did not want them (the jury) to know he had no problem. Appellant's objection to this "editorial comment" was likewise sustained and the prosecutor was admonished not to make such comments. No further motion or objection was made. While we believe that the trial court's handling of this improper remark was adequate, the defendant is now precluded from asserting it as error. *Scott v. State*, 243 Ga. 233 (253 SE2d 698) (1979).

The second incident involved the prosecutor's cross-examination of Fraley. In an effort to rebut the obvious implication of Fraley's testimony — that since he did not kill the victim, Cleve must have, the prosecutor questioned Fraley as to whether he was informed of his *Miranda* rights, why he had not told the officers that Cleve did it, and why he had not told his attorney to discuss his defense with any law enforcement officers. Fraley replied that he had not told any officers about Cleve, that he had not been advised of his rights, and that he had told his attorney about Cleve.

No objection was made to any of these questions nor to this line of impeachment. Both the defendant and the chief investigating officer testified that *Miranda* warnings were not given, and it does not appear from the record that Fraley was interrogated while in custody.

In a similar factual situation, the United States Supreme Court has permitted the prosecutor's use of the defendant's post-arrest silence for impeachment purposes, where *Miranda* warnings had not been given. *Fletcher v. Weir*, 455 U. S. 603 (102 SC 1309, 71 LE2d 490) (1982). There it was stated that "Absent the sort of affirmative assurances embodied in the *Miranda* warnings — which at least implicitly assure the defendant that his silence will not be used against him — a State does not violate due process by permitting cross-examination as to post arrest silence when a defendant chooses to take the stand." Id. at headnote.

Pretermitting the question of whether the defendant, by his fail-

ure to object, has waived his right to assert this matter as error, under the circumstances of this case it was admissible, and we find no error. *Judgment affirmed. All the Justices concur.*

DECIDED JULY 16, 1986.

*Axam & Altman, Tony L. Axam,* for appellant.
*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Assistant District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Assistant Attorney General,* for appellee.