### 46641. FOSTER v. THE STATE.
(378 SE2d 681)

CLARKE, Presiding Justice.

Appellant was convicted of the murder of Bobby Spears and sentenced to life imprisonment.[1] Testimony at trial indicated that appellant, who had been drinking heavily, quarrelled with the victim, who was later found unconscious. Appellant told various witnesses that he had hit and kicked the victim several times, that he "liked to kill Bobby," and that he did not care if he died. He told police that the victim pulled out a knife, but no weapon was found at the scene. He also told police that he did not realize the extent of the victim's injuries. The victim, taken to the hospital in a comatose state, died about a month afterwards.

1. The evidence in this case was sufficient to meet the requirements of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant argues that the trial court erred in failing to give his

---

[1] The crime was committed December 30, 1987. Appellant was indicted February 19, 1988, and tried by a jury beginning June 27, 1988. He was found guilty of felony murder and sentenced to life imprisonment June 27, 1988. He filed a motion for new trial on June 27, 1988, which was denied December 9, 1988. The transcript was certified September 9, 1988, and the notice of appeal was filed December 30, 1988. The appeal was docketed in this court February 1, 1989, and the case was submitted for decision March 17, 1989.

requested charge regarding the reputation of the victim for violence. He insists that the victim attacked him first with a knife. He contends that the testimony of a witness for the defense that the victim was drunk and in a violent mood, coupled with appellant's testimony that the victim attacked him, justified a charge on the victim's general reputation for violence. Construing Code Ann. § 38-202 (present OCGA § 24-2-2) in *Cooper v. State*, 249 Ga. 58 (287 SE2d 212) (1982), we held that although testimony concerning the character of a victim is generally inadmissible in a murder trial, where the evidence shows that 1) the victim was the aggressor, 2) the victim assaulted the defendant, and 3) the defendant was honestly trying to defend himself, evidence of the victim's general reputation for violence is admissible.

The charge requested was: "You, the jury would be authorized to consider the deceased's reputation for violence and turbulence in considering the reasonableness of the accused's apprehension of danger and fear at the time of this incident." The evidence does not support a charge on the victim's reputation for violence. Although the appellant testified that the victim was the aggressor, the police found no evidence to support appellant's allegation that the victim had a knife. The witness upon whom appellant apparently relies to support his claim that the victim had a reputation for violence in the community said the victim was not a violent person.

3. In his third enumeration of error appellant complains of the court's allowing the death certificate in the jury room. He argues that the death certificate contained hearsay material and that the presence of the death certificate in the jury room overemphasized written rather than oral testimony. The death certificate contains the information that the deceased was "beaten in altercation." Under the section of the death certificate concerning immediate cause of death "homicide" was chosen from the choice "accident, homicide, suicide, undetermined." Conclusions in a death certificate are not probative and are not admissible in evidence. However, here the conclusions are supported by other evidence and are merely cumulative and are harmless. *King v. State*, 151 Ga. App. 762 (261 SE2d 485) (1979).

4. Finally, appellant contends that the court erred in denying his motion for a directed verdict on the ground that there was a fatal variance in the indictment. He insists that the indictment failed to place him on notice of the underlying felony of aggravated assault. Appellant complains that he was not put on notice of the charge of aggravated assault because the indictment failed to state that he used a deadly weapon.

The indictment in this case is for murder and alleges that appellant "did unlawfully and with malice aforethought, cause the death of Bobby Spear (sic), a human being, by striking and beating with accused's hands and fists and kicking said Bobby Spear with accused's

shoe-clad feet." We held in *Fraley v. State*, 256 Ga. 178 (345 SE2d 590) (1986), that where a defendant is indicted for malice murder and sufficient facts are included in the indictment to put him on notice that the victim died of an aggravated assault upon him by defendant, a conviction of felony murder with the underlying felony of aggravated assault will not be set aside for a fatal variance in the indictment. See also *Middlebrooks v. State*, 253 Ga. 707 (324 SE2d 192) (1985); *McCrary v. State*, 252 Ga. 521 (314 SE2d 662) (1984). We find that the indictment here contained sufficient facts to put appellant on notice that he was accused of the death of the victim as the result of an aggravated assault.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 4, 1989.

*M. Muffy Blue, Jonathan J. Wade,* for appellant.

*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Assistant District Attorney, Michael J. Bowers, Attorney General, Richard C. Litwin,* for appellee.