## S90A0247. IONA v. THE STATE.
(389 SE2d 754)

FLETCHER, Justice.

Appellant Elvis Iona appeals his felony murder conviction for the death of Angelique Ortiz. Iona was indicted with one count each of malice murder, burglary, and criminal trespass. Iona plead guilty to criminal trespass, not guilty to burglary, and tendered a plea of guilty of voluntary manslaughter. The trial court did not accept the latter plea. After the jury returned a verdict of guilty of felony murder, the trial court sentenced him to life imprisonment as to Count 1, murder, and to twelve months to serve as to Count 3, criminal trespass. The jury did not return a verdict as to Count 2, burglary. He enumerates five errors. We affirm.[1]

1. Although not raised as error, we find that the facts were sufficient to authorize a rational trier of fact to find Iona guilty of felony murder. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The jury could have found the following facts:

---

[1] The murder occurred on September 19, 1987. Appellant was indicted on November 23, 1987. A jury trial was held December 14-17, 1987. The trial court sentenced appellant on December 22, 1987, and denied the motion for new trial on July 21, 1989. The appeal was filed on August 21, 1989, and docketed in this Court on November 22, 1989. This appeal was submitted for decision on January 5, 1990.

Iona and the deceased had lived together for a period ending in early July 1987, during which time they had a child. After Iona moved out, he continued to pay some of the bills, and they maintained two joint banking accounts. They often argued over Iona's visitation rights with their son. On September 18, 1987, Iona discovered that there was no money in "his" joint account. He left the bank angry and threatened to kill Ortiz. He went to her day-time place of employment and conversed with her. Later that evening, Iona approached Ortiz at her night-time place of employment, a bar. He pushed her up against a wall and spoke angrily to her without provocation. The bar manager had Iona ejected from the premises. During the early morning hours of the next day, Iona went to Ortiz's apartment, beat on the door, and demanded admission. Ortiz told him to leave and told her roommate to call the police. Iona then kicked the door in, grabbed Ortiz, and dragged her out of the apartment by her hair. Ortiz's roommate saw Iona grab a kitchen knife on the way out. Once out in the courtyard, another witness saw Ortiz being dragged from the apartment and watched as Iona began to stab Ortiz repeatedly. She received fourteen stab wounds with nine of them potentially life threatening. Neither the witness nor Ortiz's roommate saw a knife in Ortiz's hands. The witness yelled at Iona, and he fled. It was later discovered that the tires of Ortiz's and her roommate's cars had been slashed. Iona was admitted to the hospital for stab wounds to his abdomen shortly before his arrest. There was testimony that Iona's wounds could have been self-inflicted and that he sustained no defense wounds.

2. Iona's first enumeration of error is that the trial court erred in denying his demurrer to the burglary count of the indictment. He contends that his demurrer should have been granted because although the burglary count named the underlying felony, aggravated assault, it did not specify the manner of the assault.

As the demurrer was a special demurrer and as it was not filed until the day of trial, the trial court did not err in its denial. A special demurrer must be filed prior to arraignment, or it will be deemed to have been waived. See *McArthur v. State*, 169 Ga. App. 263 (1) (312 SE2d 358) (1983).

3. Iona's next enumeration of error concerns testimony as to a scientific report the State had not furnished him prior to trial pursuant to his written demand. Iona argues that the testimony about the report should have been excluded pursuant to OCGA § 17-7-211 (c). The one-sentence report concerned a scientific analysis of a knife found near the victim's body and stated that there was no blood found on the knife.

The trial court did not err. Not only did the trial court recess so as to give Iona's counsel time to review the report and to consult with

the witness, but Iona's counsel already knew that the crime lab had found no blood on the knife. Furthermore, the trial court did not admit the written report into evidence. Under the particular facts of this case, the trial court fashioned a sufficient remedy for the State's failure to provide the written report within the time frame set forth in OCGA § 17-7-211. See *Law v. State*, 251 Ga. 525, 527-28 (307 SE2d 904) (1983).

4. Iona's next enumeration of error concerns the court's charge to the jury. As part of the charge, the trial court stated that

> insofar as felony murder is concerned, if you find and believe beyond a reasonable doubt that the Defendant committed the homicide alleged in the Bill of Indictment at the time he was engaged in the commission of the felony of burglary or aggravated assault, as previously defined to you, then you would be authorized to convict him of felony murder.

Iona argues that this is error because the count of the indictment alleging malice murder did not include facts to support an underlying felony of burglary, only the felony of aggravated assault. Because only Count 2 of the indictment alleged the felony of burglary, this raises the issue of whether a person who is indicted for malice murder can be convicted of felony murder when the underlying felony used to support the felony murder conviction is set forth in a separate count in the indictment. The trial court's charge was not erroneous because Iona was on notice from the indictment that he could be convicted of felony murder with burglary being the underlying felony. In *McCrary v. State*, 252 Ga. 521 (314 SE2d 662) (1984), the Court stated:

> [A] defendant indicted in *two counts*, one for the malice murder of the deceased and the other for the armed robbery of the deceased at the same time, is on notice that he may be found guilty of the felony murder of the deceased, armed robbery being the felony. But a defendant indicted *only* for malice murder cannot be convicted of felony murder *unless* the defendant has been put on notice of the felony by the facts alleged to show how the murder was committed. [Emphasis supplied.]

Id. at 524. Although this portion of the Court's opinion is dicta, it provides support for our conclusion that Iona's due process rights to notice of the charges against him were satisfied. Id. at 523. We note that in cases such as this, it would be a much better practice for an indictment to contain a separate count for felony murder containing the possible underlying felonies. Cf. *Middlebrooks v. State*, 253 Ga. 707, 708, n. 2 (324 SE2d 192) (1985).

5. Iona, relying on *Malone v. State*, 238 Ga. 251, 252 (232 SE2d 907) (1977), argues that the trial court erred in failing to charge that the felony of voluntary manslaughter would not support a verdict of felony murder of the same individual. This enumeration is without merit as there was no written request for the charge or objection to its omission. See *Gaines v. State*, 177 Ga. App. 795, 798-99 (341 SE2d 252) (1986).

6. Iona's final enumeration of error, raised through his appellate counsel, is that he was denied effective assistance of counsel. The trial court has already held a hearing on this issue and found that Iona had received effective assistance of counsel. A review of the transcript of that hearing reveals more than sufficient evidence to support that finding.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 5, 1990.

*John D. McCord III*, for appellant.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, Assistant District Attorney, Michael J. Bowers, Attorney General, Richard C. Litwin*, for appellee.