## S90A0352. JOLLY v. THE STATE.
(392 SE2d 527)

SMITH, Presiding Justice.

The appellant, James Willie Jolly, was found guilty of the felony murder of Frederick Lavon Bettis and was sentenced to life imprisonment. We affirm.[1]

After the appellant and the victim became involved in an argument, the appellant left the scene of the argument and told the victim that he would return. The appellant went to his home, obtained his

---

[1] The crime was committed on October 14, 1988. The appellant was indicted for murder on January 10, 1989. A Fulton County jury returned a guilty verdict on April 11, 1989. A motion for new trial was filed on May 5, 1989 and denied on October 6, 1989. A notice of appeal was filed on October 16, 1989 and the case was docketed in this Court on December 13, 1989. The case was submitted by brief on January 26, 1990.

30-30 Winchester rifle, and returned to the scene of the argument. The appellant's roommate observed the argument and unsuccessfully attempted to prevent the appellant from returning. Another argument began and the victim walked behind his car toward the trunk. The appellant got out of his car with the rifle, shouted an obscenity at the victim, shot him, and fled the scene. The medical examiner testified that the victim died as the result of a gunshot wound to the back of his left shoulder.

The appellant did not testify at trial, but his statement to the police was read into evidence. He stated he shot the victim because his friend had told him that the victim was going to kill him. He stated that he left the scene because he was afraid.

The jury found the appellant guilty of felony murder with the underlying felony of aggravated assault.

1. We find that a rational trier of fact could have found the appellant guilty of felony murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant's argument that the jury charge did not specifically instruct the jury that justification is a defense to aggravated assault is similar to arguments in both *Alexander v. State*, 259 Ga. 440 (383 SE2d 877) (1989), and *Jolley v. State*, 254 Ga. 624, 628 (331 SE2d 516) (1985). As stated in *Jolley*, at 628:

> We find . . . that a fair reading of the trial court's charge clearly indicates that the court charged that [the defendant's] defense of self-defense could apply to the underlying felony.

3. The indictment for malice murder which alleged that the appellant caused the death of the victim "by shooting him with a rifle, contrary to the law of said state. . . ." included facts sufficient to put the appellant on notice that he was being charged with the felony of aggravated assault and that the aggravated assault could be the underlying felony for a felony murder conviction. *Middlebrooks v. State*, 253 Ga. 707 (324 SE2d 192) (1985).

4. The trial court's charge on flight was similar to the charge found not to be unconstitutionally burden-shifting in *Terrell v. State*, 258 Ga. 722, 724 (373 SE2d 751) (1988). We find no error.

5. The trial court did not err in instructing the jury that if it found the appellant not guilty of malice murder and not guilty of felony murder it would then be authorized to consider whether or not the appellant was guilty of voluntary manslaughter. *Hill v. State*, 259 Ga. 655, 656-57 (386 SE2d 133) (1989).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 21, 1990.

Lori Spielberger, Jonathan Goldberg, for appellant.

Lewis R. Slaton, District Attorney, Carl P. Greenberg, Assistant District Attorney, Michael J. Bowers, Attorney General, Richard C. Litwin, for appellee.