## S93A0881. DUNN v. THE STATE.
### (434 SE2d 60)

FLETCHER, Justice.

David Larry Dunn appeals from his conviction of the felony murder of Joseph Paul Phillips with aggravated assault and theft by taking being the underlying felonies.[1] We affirm.

1. Dunn contends that the evidence was not sufficient to support the verdict. The facts when viewed in the light most favorable to the prosecution are sufficient to prove that sometime between June 30, 1989, and July 4, 1989, Dunn pulled the trigger of a .22 caliber rifle during an altercation with Phillips causing the rifle to discharge and

---

[1] Dunn was indicted on March 9, 1990. On September 11, 1990, a jury found him not guilty of malice murder, guilty of felony murder with aggravated assault and theft by taking each constituting independent underlying felonies, and guilty of theft by taking. The same day, he was sentenced to life imprisonment on his felony murder conviction. No sentence was imposed for theft by taking due to merger. Dunn's motion for new trial, filed on October 9, 1990, was denied on January 15, 1993. On February 19, 1993, he filed a notice of appeal which he amended on March 10, 1993. The case was docketed in this court on March 17, 1993, and was orally argued on May 17, 1993.

resulting in Phillips' death. Dunn then threw the rifle and Phillips' body over the Champney River bridge. Dunn and co-defendant Earl S. Locke fled the scene in Phillips' truck. Having thoroughly reviewed the record, we conclude that a rational trier of fact could have found Dunn guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Dunn's first and fourth enumerations of error concern the trial court's allowing the jury to consider two versions of felony murder when the indictment charged only malice murder. This court on numerous occasions has held that a defendant may be convicted of felony murder under an indictment for malice murder where the underlying felony used to support the felony murder conviction is set forth in a separate count in the indictment or where the defendant is put on notice of the felony by the facts alleged in the indictment to show how the murder was committed. *McCrary v. State*, 252 Ga. 521 (314 SE2d 662) (1984); *Iona v. State*, 260 Ga. 83 (389 SE2d 754) (1990); *Jolly v. State*, 260 Ga. 258 (392 SE2d 527) (1990). Due process is satisfied where the indictment puts the defendant on notice of the crimes with which he is charged and against which he must defend. *McCrary*, 252 Ga. at 524. Count 1 of the indictment for malice murder alleged that Dunn caused Phillips' death "by shooting the said Joseph Paul Phillips with a certain .22 caliber rifle." Count 1 included facts sufficient to put Dunn on notice that he was being charged with the felony of aggravated assault and that the aggravated assault could be the underlying felony for a felony murder conviction.

Although, as this court has previously stated, it would be a better practice for an indictment to contain a separate count for felony murder, *Iona*, 260 Ga. at 85, the indictment here was sufficient to place Dunn on notice that he may be convicted of felony murder.

Additionally, Count 2 of the indictment charged Dunn with the felony of theft by taking, alleging that Dunn did "unlawfully take a 1973 Ford Pickup Truck . . . the property of said Joseph Paul Phillips, with the intention of depriving [Phillips] of said property." Under these particular facts, it is a much closer question whether the indictment put Dunn on notice that the state would contend at trial that he killed Phillips during the commission of the theft by taking. Notice is especially critical where, as here, Dunn could have presented at least some evidence at trial that he did not form the intent to take Phillips' truck until after Phillips was murdered. It is unnecessary, however, for the court to reach the issue of the notice provided in Count 2.

Dunn was found guilty of felony murder with both aggravated assault and theft by taking being underlying felonies. Only one felony is required to trigger the felony murder provision of OCGA § 16-5-1 (c). Where a jury specifies two or more felonies as underlying the

murder conviction, the most severe felony must merge. *Thompson v. State*, 263 Ga. 23, 25 (426 SE2d 895) (1993). Although the trial court merged both underlying felonies rather than imposing a term of years for the theft by taking conviction, understandably, no error involving this aspect of sentencing was raised by Dunn.

3. Dunn argues that it was error for the trial court to admit into evidence the .22 caliber rifle recovered by authorities from the Champney River at the place where Phillips' body was thrown because there was no connection shown between the rifle and the crime. There is no merit in this contention.

This court has held that a weapon may be admissible if the identification is sufficient to allow the jury to decide, under the evidence relative to identification, whether it is the identical weapon used by the defendant. *Evans v. State*, 228 Ga. 867 (188 SE2d 861) (1972); *Lively v. State*, 178 Ga. 693, 695 (173 SE 836) (1934). It is undisputed that Phillips was shot with a rifle. Dunn testified at trial that he and Phillips were struggling with Phillips' rifle when Phillips was shot. Dunn also testified that he threw the rifle and then Phillips' body off the Champney River bridge. Phillips' brother testified that the rifle resembled the rifle owned by Phillips, and a McIntosh County detective testified that the rifle was recovered from the Champney River near the place where Phillips' body was thrown. The medical examiner testified that he recovered from Phillips' head a bullet roughly the size of a .22 caliber bullet. The identification was sufficient to authorize the jury to decide whether the rifle admitted was the identical weapon used by Dunn.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 13, 1993.

*O. Dale Jenkins*, for appellant.
*Dupont K. Cheney, District Attorney, J. Thomas Durden, Assistant District Attorney, Michael J. Bowers, Attorney General, Matthew P. Stone, Staff Attorney*, for appellee.