25740. PHILLIPS *v.* THE STATE.

BROYLES, C. J. 1. The law of voluntary manslaughter may properly be charged to the jury on the trial of one indicted for murder, where, from the evidence or the defendant's statement, there is anything deducible which would *tend* to show that he was guilty of voluntary manslaughter, or which would be sufficient to raise a *doubt* as to whether the homicide was murder or voluntary manslaughter. *Reeves* v. *State*, 22 *Ga. App.* 629 (97 S. E. 115). It is also well settled that it is the prerogative of the jury to accept the defendant's statement as a whole, or to reject it as a whole, to believe it in part, or disbelieve it in part. In the exercise of this discretion they are unlimited. *Brown* v. *State*, 10 *Ga. App.* 50, 54, 55 (72 S. E. 537); *May* v. *State*, 24 *Ga. App.* 379, 382 (100 S. E. 797). Under the foregoing rulings and the facts of the instant case, the court did not err in instructing the jury on the law of voluntary manslaughter and on the law of mutual combat.

2. While portions of the evidence would have supported a verdict for murder, there were other parts of the evidence and parts of the defendant's statement to the jury which authorized the verdict for voluntary manslaughter; and the refusal to grant a new trial was not error.

*Judgment affirmed. MacIntyre, J., concurs. Guerry, J., dissents.*

GUERRY, J., dissenting. I think that under the evidence the homicide was either murder or justifiable homicide. A mutual intent to fight was not shown, and the court erred in charging on voluntary manslaughter and mutual combat, and in refusing to grant a new trial.

DECIDED SEPTEMBER 25, 1936.

*C. E. Jackson, H. W. Nelson,* for plaintiff in error.
*H. C. Morgan, solicitor-general,* contra.