## 53941. MARSHALL v. THE STATE.

SMITH, Judge.

The state charged Marshall, the appellant, with murder, and the jury found him guilty of voluntary manslaughter. The court denied his motion for new trial. Marshall contends on appeal that the evidence was insufficient to support the verdict and that the court erred in charging the jury, in admitting into evidence Marshall's involuntary and irrelevant statement to police, in refusing to grant a continuance to allow his counsel to procure witnesses for a pre-sentence hearing, in failing to admonish and correct the district attorney and assistant district attorney for misstating evidence, and in refusing to permit his counsel to read a case holding to the jury. We affirm.

Marshall and the deceased, Charlie Brewton, became involved in an altercation at a Douglas nightspot. Marshall got the worse of the fight, went for a rifle, and returned to the scene with it after about twenty minutes. Marshall and Brewton exchanged a few harsh words, Brewton turned his back and began to walk away, and then Marshall shot him in the back of the head with the rifle. Brewton died from the wound almost immediately. Marshall testified that he thought Brewton was going to shoot him. However, police arriving on the scene a few minutes after the shooting found no weapon on the body. All the testimony showed that no one, not even Marshall, had seen a gun in Brewton's possession at any time on the day of the shooting.

1. The evidence required the verdict.

2. Marshall contends that, by charging the jury that they should acquit him if they found he "was justified in defense of himself," the court incorrectly placed upon him the burden of proving justification. This instruction alone was not burden-shifting. Moreover, the court correctly charged that "the evidence for the state must beyond a reasonable doubt prove to you that such defense or defenses are not true." The remainder of the charge likewise focused the attention of the jury upon the legal issues properly to be considered on weighing the evidence.

3. Marshall's statement to police concerning the

events surrounding the shooting was certainly relevant to this case. Also, after the state's prima facie showing of voluntariness, this question became one of fact for the jury. *Newton v. State,* 132 Ga. App. 873 (209 SE2d 690).

4. The court did not err in refusing to grant a week's continuance before the pre-sentence hearing. The court set the hearing for the morning following the trial's conclusion; Marshall protested that he needed more time to procure certain witnesses (all of whom, he admitted, lived in the county) to testify in mitigation. The granting of a motion for continuance is a matter left solely to the discretion of the trial court, and this court will not interfere when Marshall has failed to show abuse. *Smith v. State,* 120 Ga. App. 448 (170 SE2d 832).

5. Marshall alleges the court erred in failing to rebuke and correct the district attorney and the assistant district attorney for misstating the evidence on two occasions. He contends the district attorney misstated the evidence by telling the jury that Marshall had no facial bruises from the altercation that led to the shooting. He ignores, however, that one witness *did* testify that, following the fight, there was nothing wrong with Marshall's face. The district attorney's statement, therefore, cannot be said to have been a misrepresentation.

Another misrepresentation, Marshall contends, occurred when the assistant district attorney argued to the jury that witnesses had testified that during the altercation Brewton had not hit Marshall with a bottle. In fact, some witnesses testified that Brewton *did* hit Marshall; none testified that he did not. If the jury found as fact, in spite of the assistant district attorney's statement to the contrary, that Brewton *had* hit Marshall with a bottle some twenty minutes before the shooting, that fact, when considered with the rest of the evidence, could only reduce the severity of the conviction from *murder to voluntary manslaughter and could not justify* shooting Brewton in the back of the head while he was walking away. Any statement to the jury by the assistant district attorney that Brewton did *not* hit Marshall with a bottle could be deemed harmful, therefore, only had the jury returned a verdict of guilty of murder. Thus the

court's failure to rebuke and correct in this case was harmless error. See *Bentley v. State,* 131 Ga. App. 425 (205 SE2d 904).

6. It was error for the trial court to deny counsel the opportunity to read to the jury a holding of the Supreme Court as he was authorized to do in a criminal case. *Wiggins v. State,* 139 Ga. App. 98 (227 SE2d 895). However, no harm has been shown as counsel failed to perfect the record by showing which holding or case he desired to bring to the jury's attention.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

ARGUED MAY 3, 1977 — DECIDED NOVEMBER 4, 1977.

*J. Greg Wolinski,* for appellant.
*Dewey Hayes, District Attorney,* for appellee.