## 57715. McCLENTON v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted for murder. After a mistrial he was again tried, and a verdict of guilty of voluntary manslaughter was returned. Whereupon he was sentenced to serve 11 years, and he appeals. *Held:*

1. Defendant and the victim had been riding around in the victim's truck on the night of the killing. They returned to the defendant's home, and, according to the defendant's testimony, the victim offered him $50 to have sexual relations with his daughter. Whereupon, after defendant's commanding him to leave several times the victim left the residence and got into his truck to leave. Defendant also contends that he knew the victim had a loaded automatic rifle and had made threats against him as he was leaving the residence. He contended that he walked more or less directly toward the victim's pick-up truck in order to divert the victim's fire from his home and again asked the victim to leave. He contends he did not open fire until the victim responded, "I will just kill you," and reached for his rifle. The victim was extremely intoxicated and the defendant was somewhat intoxicated when blood alcohol tests were performed on the blood of both. The defendant's own testimony identified him as the person who had done the shooting, although he contended he acted in self-defense. It was not error to overrule the defendant's motion for directed verdict of acquittal as the jury would be authorized to rely on the incriminating portion of the defendant's testimony while rejecting the other portions which are exculpatory. *Hearn v. State,* 145 Ga. App. 469 (1) (243 SE2d 728). See also *Cox v. State,* 172 Ga. 482 (3) (158 SE 17); *Willis v. State,* 63 Ga. App. 262 (1) (10 SE2d 763); *Jones v. State,* 71 Ga. App. 56, 57 (30 SE2d

284). While the evidence was sufficient to authorize the jury to return a verdict of acquittal (justifiable homicide), yet the evidence was also sufficient to authorize the verdict of guilty of voluntary manslaughter. See *Nolen v. State,* 124 Ga. App. 593 (184 SE2d 674); *Hearn v. State,* 145 Ga. App. 469, 470, supra. If there is any evidence to support the verdict and there is no error of law, the verdict will not be disturbed as the appellate courts pass on the sufficiency of the evidence and not on the weight which is for the jury. See *Flury v. State,* 237 Ga. 273, 274 (227 SE2d 325); *Harris v. State,* 236 Ga. 242, 245 (223 SE2d 643).

While the defendant contends that the state had not carried the burden of proof since all the evidence was circumstantial, this is not true, for there was direct testimony with reference to the killing of a human being which the jury determined was in the heat of passion from the circumstances. The cases cited with reference to alleged inconsistent theories of both guilt and innocence are not applicable. See *Nolen v. State,* 124 Ga. App. 593, 594, supra.

2. The objection to the argument of the district attorney that if the jury was convinced from the evidence that the killing was done in self-defense, then the defendant is not guilty; but if you are not convinced from the evidence that the killing was done in self-defense you should find the defendant guilty. This was merely argument based upon the evidence. It cannot be said to be burden shifting in any way requiring the defendant to prove he acted in self-defense.

3. The trial court did not err in failing to charge the jury the state has an additional burden of proving beyond a reasonable doubt the absence of justification as raised by the defense. Considering the charge as a whole the instructions as to the finding of murder, voluntary manslaughter or acquittal were not burden shifting as to the burden of proof. See *Flury v. State,* 237 Ga. 273, 274, supra; *Brooks v. State,* 143 Ga. App. 523, 524 (4) (239 SE2d 207); *Marshall v. State,* 143 Ga. App. 731 (2) (240 SE2d 176).

4. The trial court did not err in not giving a charge on involuntary manslaughter where there was no written request made for such a charge on a lesser included

offense. See *State v. Stonaker,* 236 Ga. 1, 2 (2) (222 SE2d 354). See also *Pullen v. State,* 146 Ga. App. 665, 668-669 (247 SE2d 128); *Van Voltenburg v. State,* 138 Ga. App. 628, 631 (3) (227 SE2d 451); *Jones v. State,* 139 Ga. App. 824, 825 (3) (229 SE2d 789). Cf. *Jackson v. State,* 239 Ga. 40, 42 (235 SE2d 477).

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur. Shulman, J., not participating.*

SUBMITTED APRIL 11, 1979 — DECIDED JUNE 5, 1979 — REHEARING DENIED JULY 6, 1979 —

*George C. Rosenzweig,* for appellant.
*William F. Lee, Jr., District Attorney,* for appellee.