## 37283. McCLENTON v. ZANT.

UNDERCOFLER, Justice.

After grant of his application,[1] McClenton appeals from the order denying habeas relief. Tried for murder and convicted of voluntary manslaughter, his conviction was affirmed in *McClenton v. State,* 150 Ga. App. 573 (258 SE2d 168) (1979).

His first trial for murder ended in a mistrial when nine jurors voted for acquittal but three held out for a voluntary manslaughter conviction.

He contends that he was denied effective assistance of counsel during the retrial because defense counsel refused to summon a certain person as a witness for the defense and refused to request a charge on involuntary manslaughter.

1. Lt. Roger McFarland, an off-duty municipal police officer and neighbor, was the first person to reach the scene after McClenton shot and killed Gee. McClenton wanted McFarland to testify during the retrial, as he had testified during the first trial, that McClenton contended the shooting was in self-defense soon after McFarland arrived on the scene. The district attorney had sought to convince the jury that McClenton and his family had made up the self-defense theory since self-defense was not mentioned when the investigating officers first arrived at the scene. McClenton contends that McFarland's testimony would have lent credibility to McClenton's

---

[1] Application No. 1426, granted January 28, 1981.

narration of the events leading up to the shooting. McClenton also wanted McFarland to testify that the victim previously had made sexual advances to McFarland's young daughter. This, too, would have enhanced the credibility of his testimony, McClenton argues. McClenton's testimony during both murder trials was that Gee had offered McClenton $50 if he could have sexual intercourse with McClenton's thirteen-year-old daughter. The two men had been drinking together at McClenton's home prior to that request. McClenton testified that he repeatedly ordered Gee to leave after the indecent request. He testified that when he again demanded that Gee leave, Gee threatened to kill him and reached for his rifle, at which time he shot Gee with his shotgun in defense of himself.

McClenton's trial counsel testified during the habeas proceedings that he had made a strategic decision not to call McFarland again as a witness because he was convinced that the three jurors had held out for a voluntary manslaughter conviction because they believed that McClenton and McFarland had concocted the self-defense theory. Trial counsel felt that McFarland was not a convincing witness; that McClenton's chances for acquittal were better without McFarland as a defense witness.

Lawyer and client quite apparently had during consultation a serious dispute about whether or not McFarland would be called as a witness. The dispute culminated in McClenton's acquiescence in his attorney's strategy after counsel told McClenton he could not try the case again, and would have to obtain other counsel, if McClenton insisted on calling McFarland to testify to the foregoing matters.[2]

McClenton contends that he was denied reasonably effective assistance of counsel within the meaning of *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515) (1974), and *Alderman v. State,* 241 Ga. 496, 511 (8) (246 SE2d 642) (1978), because his trial counsel ignored Ethical Considerations 7-7 and 7-8 of Canon 7 of the Canons of Ethics[3] by not acquiescing in his decision to call McFarland as a witness.

As in *Reid v. State,* 235 Ga. 378, 380 (219 SE2d 740) (1975), our inquiry here "is not what is 'better' practice but is what is the consequence when that practice has not been followed." In the circumstances of the present case, we hold that the choice of whether or not to call McFarland as a witness to testify to the foregoing

---

[2] McFarland's testimony regarding the victim's alleged reputation for seeking the sexual favors of young female children doubtless would have been excluded from evidence upon proper objection. See *Maynor v. State,* 241 Ga. 315 (245 SE2d 268) (1978) and cases cited therein.

[3] 238 Ga. 790-91.

matters properly rested with trial counsel. *Reid v. State,* supra. Further, we hold that counsel's actions regarding the potential witness McFarland were "reasonably effective." *Pitts v. Glass,* supra.

2. We agree with the trial court that the transcript does not support the giving of a charge on involuntary manslaughter. *Crawford v. State,* 245 Ga. 89, 91 (3) (263 SE2d 131) (1980).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 30, 1981.

*Garland & Milam, Richard Milam,* for appellant.

*Arthur K. Bolton, Attorney General, Jack L. Park, Jr., Special Assistant Attorney General, Mary Beth Westmoreland, Assistant Attorney General,* for appellee.