## 38502. WISEMAN v. THE STATE.

CLARKE, Justice.

Appellant J. R. Wiseman was convicted of murder of Lonnie Gordon in Lowndes County, Georgia, and sentenced to life in prison. There was testimony at trial that Gordon, Wiseman's landlord, had come to Wiseman's house to fix some broken pipes. An argument ensued between Wiseman and Gordon, and Gordon was shot and killed. One witness, a neighbor, testified that the appellant walked up to the victim and shot him twice and that she observed nothing in the victim's hand. Appellant's eleven-year-old son testified that the victim had a large pipe wrench in his hand. On cross-examination the boy testified that he had previously stated that the victim held the wrench at his side. Appellant's nine-year-old daughter testified that the victim hit appellant with the wrench. Appellant testified that he had followed the victim into the yard to apologize for the argument he had had with him. He stated that the victim came toward him, that he tried to back away, that the victim hit him on the head with a wrench, and that everything turned dark. He did remember pulling the trigger.

There was testimony that there was a wrench with blood on it in the yard after the shooting and that Wiseman was treated that day for a cut on his head which required four stitches. The arresting officer testified that appellant had a cut on his head.

1. In his first enumeration of error appellant contends that the verdict is contrary to the evidence, without evidence to support it, and strongly against the weight of the evidence. He argues that the State failed to prove malice and that the most serious offense of which he could have been guilty was voluntary manslaughter.

Since there was testimony by an eyewitness that appellant followed the victim into the yard, that she did not see a wrench in the victim's hand, and that she did not see the appellant back away or see the victim act in an aggressive manner, there was sufficient evidence to meet the test of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Therefore, appellant's first enumeration of error is without merit.

2. Appellant's second enumeration of error concerning the court's refusal to charge on involuntary manslaughter is without merit. *Green v. State,* 249 Ga. 369 (290 SE2d 466) (1982); *Crawford v. State,* 245 Ga. 89 (263 SE2d 131) (1980).

3. Appellant complains of the trial judge's allowing the testimony given by appellant's wife at the commitment hearing to be read at his trial after the wife asserted her marital privilege of refusing to testify at the main trial. Code Ann. § 38-314 provides that testimony of a witness given under oath at a prior trial is admissible if the witness becomes inaccessible for any reason. The "prior trial" includes a commitment hearing. *Bennett v. State,* 231 Ga. 458 (202 SE2d 99) (1973). The inaccessibility of the witness has been construed to include the assertion of privilege by a witness. *Bennett v. State,* supra; *Park v. State,* 225 Ga. 618 (170 SE2d 687) (1969).

4. In his next enumeration of error appellant contends that the court failed to give certain requested charges relating to his "reasonable belief" or "reasonable fear" of either immediate danger or of the commission of a forcible felony. A comparison of the requested charges with the charges actually given reveals that there was a correct charge as to self-defense and justifiable homicide which, while not in the exact words requested, covered the requested material. The failure to charge the language requested, even if that language is perfect, is not reversible error. *Pollard v. State,* 236 Ga. 587 (224 SE2d 420) (1976). *Emmett v. State,* 232 Ga. 110 (205 SE2d 231) (1972).

5. Wiseman challenges the failure of the court to charge aggravated assault and contends that such a charge was essential to his defense to show the jury that he was preventing the forcible felony of aggravated assault from being committed upon him. The state argues that Wiseman is not entitled to the charge and cites *Shaw v. State,* 241 Ga. 308 (245 SE2d 262) (1978). We do not find the holding in *Shaw v. State,* supra, to be applicable here. In that case, aggravated assault was charged and the error assigned was that the court did not give the charge in the form requested. Here there was no charge on aggravated assault.

Wiseman relied on a defense of justifiable homicide. He contended that he was acting in self-defense or in the alternative that

he was using the force necessary to prevent a forcible felony. This is one of the justifications for homicide. Code Ann. § 26-902 (a). In order to intelligently consider this defense the jury must be informed as to what constitutes the forcible felony relied upon. Therefore, when the prevention of a forcible felony is charged as justification and the defendant requests a charge on the specific forcible felony of which there is evidence, it is error to fail to charge the elements of such a felony as it relates to justification.

6. Finally, appellant enumerates as error the failure of the court to allow appellant to introduce evidence as to the victim's conviction for selling marijuana. It is well settled that the victim's character is irrelevant and inadmissible in a murder trial. *Milton v. State,* 245 Ga. 20 (262 SE2d 789) (1980); *Henderson v. State,* 234 Ga. 827 (218 SE2d 612) (1975). An exception is made in regard to evidence of the victim's general reputation for violence when the proper foundation is laid. *Milton v. State,* supra. After laying a proper foundation a defendant may also offer proof of specific prior acts of the victim toward defendant which demonstrate the defendant's reasonable belief that his use of force was necessary in order to defend himself. *Milton v. State,* supra; *Maynor v. State,* 241 Ga. 315 (245 SE2d 268) (1978). The victim's prior conviction for selling marijuana demonstrates neither his reputation for violence nor the reasonableness of appellant's belief that force was necessary in order to defend himself. This enumeration of error is without merit.

*Judgment reversed. All the Justices concur, except Smith, J., who dissents to Division 3, but concurs in the judgment of reversal.*

DECIDED JUNE 22, 1982.

*Edwards & Edwards, H. B. Edwards III,* for appellant.
*H. Lamar Cole, District Attorney, Greg R. Jacobs, Assistant District Attorney, Michael J. Bowers, Attorney General, Janice G. Hildenbrand, Staff Assistant Attorney General,* for appellee.