## 65039. TUDOR v. THE STATE.

QUILLIAN, Chief Judge.

Defendant was indicted and tried for burglary and theft by taking. He was convicted of theft by taking only and appeals his conviction on the sole ground that the jury's verdicts of acquittal and conviction are inconsistent and repugnant and not supported by the evidence. *Held:*

The evidence was as follows: A house was shown to have been burglarized and property stolen therefrom. A passing motorist and his wife saw two young men walking on the road near the house and defendant in a car pulled off the road 300 yards away. The motorist

became suspicious and drove past the house several times. He saw the men on the porch of the victim's house. He asked defendant if he needed any assistance, as the car hood was up, and received a negative reply. The tag number and description of the car was noted. After defendant and the car left, the motorist discovered that the house had been broken into and gave the police the foregoing information. As a result, the two accomplices were arrested and a portion of the stolen property recovered. After eluding police and hiding in an attic defendant was also arrested. Defendant admitted to police that he and his two accomplices talked about "hitting a place," that he stayed in the car while they broke in and took the property, that he drove by and picked them up when they whistled and that he received $10 for his participation. One accomplice testified that the three of them went looking for a place to break into, that the two accomplices planned the burglary, that defendant was aware of what was going on, and that defendant received $50 after some of the stolen property was sold. The other accomplice and defendant testified to the effect that defendant did not know that the two accomplices were going to commit the burglary and that defendant had no knowledge of or participation in the offenses.

" ' "The determinative factor in such cases is whether the acquittal of one charge necessarily includes a finding against a fact that is essential to conviction for the other charge. If so, the evidence is then insufficient to support a verdict of guilty in the convicted charge . . ." (Cit.)' [Cit.] But where 'the *elements* of the offenses . . . are different, a finding of not guilty as to one and guilty as to the other is neither inconsistent nor repugnant. (Cits.)' (Emphasis supplied.) [Cits.] . . .

" ' "Where evidence is consistent with two different explanations, one of which will sustain the verdict and one render it inconsistent, this court will infer that the jury adopted that explanation consistent with its findings. (Cits.)" (Cit.) Furthermore, "[i]t is obvious that the offenses involved here, although taking place at the same general time and location, are separate offenses in that each is established by a proof of different facts and each offense is distinct as a matter of law . . ." ' [Cit.]" *Bill v. State,* 153 Ga. App. 131 (2), 133 (264 SE2d 582).

In the instant case not only are the elements of the two offenses different, but the evidence is also susceptible to two different explanations, one of which is consistent with the verdict.

Defendant argues, based on evidence that he was ignorant of what the accomplices were doing, that he thus had no knowledge or intent to commit either offense and that therefore acquittal of burglary requires the conviction of theft by taking be reversed.

However, another explanation is that it is inferable that the jury may not have believed beyond a reasonable doubt that the evidence was sufficient to show that defendant aided and abetted entry into the house, and the jury determined from the evidence that defendant did aid and abet the taking of property from the house by acting as a lookout and driving the getaway car. Thus, we find that there is no inconsistency in the verdict. Compare, *Lockett v. State,* 153 Ga. App. 569 (2) (266 SE2d 236).

Moreover, we find that the evidence is sufficient to authorize a rational jury to find defendant guilty beyond a reasonable doubt.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 23, 1982.

*William H. Newton III,* for appellant.

*F. Larry Salmon, District Attorney, Steve Lanier, Assistant District Attorney,* for appellee.