### 66009. MILLER v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted for murder and convicted of voluntary manslaughter. At the completion of the state's evidence defense counsel moved for a directed verdict of acquittal as to the charge of murder and that the court reduce the charge to voluntary

manslaughter, that is, "all the evidence points toward a sudden and irresistible passion on the part of the Defendant at the time of the shooting." This motion was denied. Defendant appeals his conviction of voluntary manslaughter. *Held:*

1. Two of defendant's enumerations of error are concerned with the sufficiency of the evidence in order to convict and that the trial court erred in denying defendant's motion for directed verdict of acquittal at the end of the state's evidence. First of all, we note that the defendant moved for directed verdict of acquittal as to the charge of murder and that same be reduced by the court to voluntary manslaughter. While the court did not do this, this is exactly what the jury did; hence there is no merit in the complaint with reference to the denial of the acquittal motion. However, we will consider this enumeration of error with reference to the sufficiency of the evidence to convict as to voluntary manslaughter. The evidence was somewhat in conflict as to the killing of the decedent by shooting him with a pistol which the defendant here admitted, contending same occurred to prevent death or great bodily injury to himself or the commission of a forcible felony and to otherwise prevent or terminate such other person's trespass on or other tortious or criminal interference with personal property, the defendant's motor vehicle.

The circumstances of the killing of the decedent are that the decedent had previously sold two motor vehicles to the defendant, and finding him on the highway with the vehicle on which the decedent contended the defendant owed him money, the decedent attempted to collect at that particular point in time or to repossess the vehicle by pulling the coil wire off the motor so as to prevent the motor vehicle (the truck) being driven anywhere. The altercation that developed between the two resulted in the defendant shooting the decedent as he was at or near his own vehicle, there being a difference of opinion between witnesses as to the exact location where the defendant shot the decedent (in front of the vehicle or at the door).

A person commits voluntary manslaughter when he causes the death of another human being under circumstances which would otherwise be murder, if he acts solely as the result of a sudden, violent and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person. See OCGA § 16-5-2 (formerly Code Ann. § 26-1102 (Ga. L. 1968, pp. 1249, 1276)). The jury here, first of all, determined a lack of malice but found there was evidence that the defendant acted solely as the result of a sudden, violent and irresistible passion "resulting from serious provocation sufficient to excite such passion in a reasonable person," disregarding, however, the contentions of the defendant as shown by

his evidence that he did so under the fears of a reasonable man in order to protect his person and property. See *Peacock v. State,* 154 Ga. App. 201 (1) (267 SE2d 807). As the evidence did not demand a finding that the defendant's actions were justified, as self-defensive measures, the jury's verdict was authorized. See *Fulford v. State,* 144 Ga. App. 546 (1) (241 SE2d 646); *King v. State,* 148 Ga. App. 310 (251 SE2d 161); *McClenton v. State,* 150 Ga. App. 573 (1) (258 SE2d 168). We have carefully examined the record and transcript and conclude that under the evidence presented at trial a rational trier of fact could reasonably have found the defendant guilty beyond a reasonable doubt of the offense of voluntary manslaughter. See *Griffin v. State,* 155 Ga. App. 77 (1) (270 SE2d 299); *Guest v. State,* 155 Ga. App. 374, 375-376 (2) (270 SE2d 904). These enumerations of error are not meritorious.

2. The second enumeration of error complains that the district attorney was allowed to cross-examine and impeach his own witness on direct examination in violation of the direct procedures of law over defendant's objection. True, an objection was made to one particular question, and the trial court overruled the objection that the district attorney was cross-examining the witness. However, no other objections were made for several pages of questions and answers until another objection was made again that the district attorney was cross-examining his own witness and this objection was sustained. We do not find the question first asked, as to "[w]hat kind of things have happened that has brought this back to your mind," as being a leading question, although the question before probably was leading in which there was no objection. In the examination of witnesses the trial court has a wide latitude of discretion in controlling same. Unless there is a manifest abuse of this discretion, an objection such as here will not work a reversal of the case. See *Greer v. State,* 159 Ga. 85 (2), 90-91 (125 SE 52), and cases cited therein. We find no merit in this complaint.

3. In defense counsel's cross-examination of a deputy sheriff, with reference to the victim's prior history of conduct in repossessing used cars from his customers, an objection was made that this would be irrelevant and immaterial which was sustained. Counsel contended he was attempting to show a course of conduct that the decedent participated in prior to this occasion with regard to the repossession of vehicles but did not elaborate as to what testimony he expected this witness to testify to with reference to any discussion with him about repossessing vehicles of people that were behind in payments. Defendant now argues that the deputy would have known if the decedent had broken any laws in regard to his conduct in repossessing vehicles and would have possibly shown the decedent's

criminal record and prior bad character. Generally, an enumeration of error is not meritorious when it is based on a refusal to allow a witness to answer a given question propounded during his examination when it does not appear from the record in the case what the testimony would be which was sought to be elicited. Such is essential in order for the trial court to determine if the testimony is relevant and material. See *Scott v. Maddox,* 113 Ga. 795 (4) (39 SE 500); *Powell v. Harrison,* 180 Ga. 197 (2) (178 SE 745). Here the state's witness was on cross-examination by the defense, and the rule is somewhat different. *Gilpin v. State Hwy. Bd.,* 39 Ga. App. 238 (1) (146 SE 651); *State Hwy. Dept. v. Whitehurst,* 106 Ga. App. 532 (1) (127 SE2d 501). Yet, the testimony sought to be elicited was to show the decedent's past criminal record or reputation for violence and turbulence, and the record does not disclose any evidence as to what the witness would have answered as to either. Consequently, we find no reversible error in that the court had no way of ascertaining that there was such testimony, relevant and material to the case. This enumeration of error is not meritorious.

4. In the remaining enumeration of error the defendant contends that the trial court erred in preventing the defendant from explaining his involvement in World War II. However, the defendant argues this point by merely restating this enumeration of error in one sentence and contends that the defendant's job and honorable discharge from the armed services were relevant to show his good character. A mere restatement of the enumeration of error and a restatement of the legal contentions is not argument which will supply the reason why this court should consider the contention of the party. "[E]xcept in the most unusual of analytic circumstances a legal contention will not prove itself." *Wilkie v. State,* 153 Ga. App. 609, 610 (1) (266 SE2d 289). We deem this contention of error as having been waived. See *Haskins v. Jones,* 142 Ga. App. 153 (235 SE2d 630).

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED MAY 16, 1983.

*H. B. Edwards III,* for appellant.
*H. Lamar Cole, District Attorney,* for appellee.