## 40742. CAMPBELL v. THE STATE.
(315 SE2d 902)

CLARKE, Justice.

George Campbell was convicted of the murder of Judy Ann Davis and sentenced to life in prison. The evidence showed that the victim rented one side of a duplex owned by Campbell and moved in with her children. She formed a relationship with Campbell, who lived on the other side of the duplex, and she eventually moved in with him, her children remaining on the other side. A disagreement arose over her failure to clean up the kitchen in Campbell's unit, and he told her that she would have to move back to her own unit. A quarrel ensued

which continued for some time and was heard by a neighbor across the street and a child who was spending the night with the Davis children.

At approximately 3:00 a.m. on May 13, 1983, these witnesses heard a noise which one identified as a gun going off and the other said was unlike any noise she had ever heard. Appellant later called police, who found the victim dead with a shotgun wound in her chest. The victim's mother testified that the victim told her that appellant threatened her with a shotgun during two previous arguments. At trial appellant testified that the victim attacked him with the shotgun and that the shotgun went off in the struggle for the gun. He admitted that he had originally told police that a mysterious stranger came to the door while he was in the shower and killed the victim.

1. Appellant contends that the trial court erred in not granting him a new trial because the verdict was against the weight of the evidence. We find that the evidence in this case was sufficient under the standard of Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). This enumeration is without merit.

2. Appellant contends that he should be granted a new trial because, although he put up no evidence except his own testimony, he was not granted opening and concluding arguments. Although we have held that the right of opening and concluding arguments pursuant to OCGA § 17-8-71 and § 24-9-20 (c) is a valuable right, appellant neither requested that he be allowed to open and conclude nor did he object to the state's opening and concluding. Consequently, he has waived any right to object on appeal. *Scott v. State*, 243 Ga. 233 (253 SE2d 698) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 22, 1984.

*Kenneth D. Felman, Dennis R. Kruszewski*, for appellant.
*Lewis R. Slaton, District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn*, for appellee.