## 67705. JORDAN v. THE STATE.

Banke, Presiding Judge.

The appellant was indicted for the murder of his wife. This appeal follows his conviction of voluntary manslaughter. *Held*:

1. Where the evidence raises an issue as to the defense of justification, the trial court does not err in failing to charge the jury that the State has the additional burden of proving beyond a reasonable doubt the absence of justification. See *McClenton v. State*, 150 Ga. App. 573, 574 (258 SE2d 168) (1979). The charge given did not shift the burden of proof to the appellant to prove his innocence.

2. The appellant requested a charge on aggravated assault as a lesser included offense, there being some question as to whether the victim's death was the proximate result of the injuries she received from the appellant. The trial court declined to give the charge in this context but did instruct on the definition of aggravated assault in connection with the appellant's testimony that he had acted to ward off an aggravated assault by the victim's brother. The appellant objected to the charge being given in this manner, without any explanation concerning its purpose, and contends on appeal that the court's action was potentially confusing to the jury. While we agree that the charge should not have been given, we conclude that in light of the entire charge and the evidence as a whole, it is highly improbable that the error contributed to the jury's verdict.

3. The appellant contends that the trial court erred in refusing to charge the jury that they could find him guilty of the lesser included offense of involuntary manslaughter in the commission of a lawful act in an unlawful manner. The appellant argues that it may be concluded from the evidence that he acted lawfully in defending himself but did so in an unlawful manner in that the force used was excessive. He contends that such a charge was required since the weapon involved was an ax rather than a gun. See *Crawford v. State*, 245 Ga. 89 (3) (263 SE2d 131) (1980).

"[A] defendant who seeks to justify homicide under the 'self-defense' statute, OCGA § 16-3-21 (Code Ann. § 26-902), is not entitled to an additional instruction on involuntary manslaughter in the course of a lawful act (OCGA § 16-5-3 (b) (Code Ann. § 26-1103)), *whatever* the implement of death. For if he is justified in killing under OCGA § 16-3-21 (Code Ann. § 26-902), he is guilty of no crime at all. If he is *not* so justified, the homicide does not fall within the 'lawful act' predicate of OCGA § 16-5-3 (b) (Code Ann. § 26-1103), for the jury, in rejecting his claim of justification, has of necessity determined thereby that the act is not lawful." *Saylors v. State*, 251 Ga. 735 (3) (309 SE2d 796) (1983).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED JULY 13, 1984.

*Susan E. Teaster*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Paul L. Howard, Jr., Assistant District Attorneys*, for appellee.