### 69583. SMITH v. THE STATE.
(327 SE2d 584)

McMURRAY, Presiding Judge.

Defendant was indicted for the offenses of rape and burglary. However, upon trial by a jury defendant was acquitted upon the burglary charge, but he was convicted of the offense of rape. Defendant was sentenced to serve 14 years in the penitentiary and upon the denial of his motion for new trial, as amended, he appeals. *Held*:

At the trial, the victim testified that she left a nightclub in Vidalia, Georgia, in the early morning hours and began walking to her apartment a couple of blocks away; that the defendant rushed at her from behind some bushes; that he was wielding a knife; that he grabbed the victim and led her toward the bushes; and that he made sexual advances towards her. She further testified that she feared for her safety and convinced the defendant to go to her apartment because she expected her sister to be there and "somebody could find [her] if he wanted to hurt [her]"; that after entering the apartment the defendant led the victim to her bedroom and forced her to have sexual intercourse; that after the act was committed the defendant fell asleep; that the victim then ran across the street to her mother's house and told her mother what had happened.

The victim's mother testified that her daughter was crying and upset when she came to her home at approximately 2 o'clock in the morning; that the victim could not get control of herself for about 15 minutes; that after the victim told her what had happened she went to the victim's house, along with the victim's sister; that she saw the defendant sleeping in the victim's bedroom and that he was not

clothed; that as the defendant got dressed she observed that he had a knife; and that the defendant left the victim's apartment of his own volition even though he was aware that the police had been called by the victim's sister.

The testimony of the victim's sister was presented to corroborate the mother's testimony. The State also introduced the testimony of another victim who had been previously sexually assaulted by the defendant after threatening her with a tire tool. The testimony of another victim who also had been previously sexually assaulted by the defendant after threatening her with a knife was also introduced.

The defendant took the stand and denied that he raped the victim or that he made any improper sexual advances to the other women. He testified that he was using a public telephone on the morning in question and that the victim approached him and asked him to walk her home; that he did not want to walk the victim home because it was so late but that he did so anyway; that when he walked the victim to her door she asked him in and that, when he protested, the victim pulled him into her apartment; that the victim spoke with him, gave him a massage and asked him to go to bed with her and spend the night. The defendant also testified that he fell asleep in the victim's bedroom; that the next thing he knew the victim's mother and sister were standing over him with a butcher knife and a pair of scissors; and that the victim's mother and sister forced him to leave the apartment.

1. The evidence was sufficient to enable a rational trier of fact to reasonably find the defendant guilty of the offense of rape beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). See *Campbell v. State*, 253 Ga. 11, 12 (1) (315 SE2d 902).

2. Defendant contends the jury's verdicts of acquittal and conviction are inconsistent and repugnant. "The determinative factor in deciding whether verdicts are repugnant is 'whether the acquittal of one charge *necessarily includes* a finding against a fact that is essential to conviction for the other charge. If so, the evidence is then insufficient to support a verdict of guilty in the convicted charge.' [Emphasis supplied.] *Conroy v. State*, 231 Ga. 472, 475 (202 SE2d 398) (1973); *Jackson v. State*, 154 Ga. App. 411, 412 (2) (268 SE2d 749) (1980); *Martin v. State*, 157 Ga. App. 304, 305 (3) (277 SE2d 300) (1981)." *Shehee v. State*, 167 Ga. App. 542, 544 (307 SE2d 54). Accord *Tudor v. State*, 164 Ga. App. 529, 530 (297 SE2d 529). The elements of the offense of burglary differ from the elements of the offense of rape. Compare OCGA § 16-7-1 (Burglary) with OCGA § 16-6-1 (Rape). Thus, a verdict of acquittal upon a burglary charge does not necessarily include a finding against a fact which is essential for a rape conviction.

Furthermore, it was "the prerogative of the jury to accept the defendant's statement as a whole, or to reject it as a whole, to believe

it in part, or disbelieve it in part. In the exercise of this discretion they [were] unlimited. *Brown v. State*, 10 Ga. App. 50, 54, 55 (72 SE 537); *May v. State*, 24 Ga. App. 379, 382 (100 SE 797)." *Phillips v. State*, 54 Ga. App. 281 (1) (187 SE 689). Thus, the jury could have determined that the victim voluntarily asked the defendant to enter her apartment; and that after he entered the apartment he raped the victim. Such a determination would have been consistent with the verdict.

3. The defendant's contention that the trial court improperly considered a pre-sentence investigation report made by the probation officer during the pre-sentence hearing is without merit. A review of the transcript of the hearing demonstrates the trial court did not use the report to increase the length of the sentence imposed in the case. In the words of the court: "I have read it. There is nothing that I [would] consider in it that would change the sentence that I'm thinking of." Moreover, the sentence given to the defendant was well below the maximum sentence which could have been imposed for the offense of rape and no resulting prejudice to the defendant is shown. *Munsford v. State*, 235 Ga. 38, 45 (218 SE2d 792).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 4, 1985.

*Marcus F. Price, Jr.*, for appellant.

*Richard A. Malone, District Attorney, William H. McClain, Assistant District Attorney*, for appellee.