70138. WHITE v. THE STATE.
(333 SE2d 17)

McMURRAY, Presiding Judge.

Defendant was indicted for murder and convicted of the offense of voluntary manslaughter. Defendant appeals. *Held*:

1. Defendant's final enumeration of error challenges the sufficiency of the evidence. The State's evidence shows that defendant was dating Favors who, until a month prior to the homicide, had lived with Watkins. Watkins assaulted the defendant, striking him with a curtain rod and after some warning to Watkins, defendant shot him. Watkins was shot five times, including once while he was lying on the ground, and died due to the multiple gunshot wounds. The defendant fled the scene shortly after the shooting.

The defendant testified that he did not know Watkins who stepped from the hedges, struck him with a pipe, and continued to attack while threatening to kill him. He testified that Watkins kept coming after the first shot and he (defendant) just closed his eyes and continued shooting.

"A person commits voluntary manslaughter when he causes the death of another human being under circumstances which would oth-

erwise be murder, if he acts solely as the result of a sudden, violent and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person. See OCGA § 16-5-2 . . ." *Miller v. State,* 166 Ga. App. 639, 640 (1) (305 SE2d 172). "The evidentiary circumstances necessary to show voluntary manslaughter, as opposed to circumstances showing the homicide was justified, relate to a situation which arouses sudden passion in the person killing so that, rather than defending himself, he wilfully kills the attacker, albeit without malice aforethought, when it was not necessary for him to do so in order to protect himself. The distinguishing characteristic between voluntary manslaughter and justifiable homicide in such cases is whether the accused was so influenced and excited that he reacted passionately or whether the defendant acted simply to defend himself." *Williams v. State,* 232 Ga. 203, 204 (206 SE2d 37). "As the evidence did not demand a finding that the defendant's actions were justified, as self-defensive measures, the jury's verdict was authorized. See *Fulford v. State,* 144 Ga. App. 546 (1) (241 SE2d 646); *King v. State,* 148 Ga. App. 310 (251 SE2d 161); *McClenton v. State,* 150 Ga. App. 573 (1) (258 SE2d 168)." *Miller v. State,* 166 Ga. App. 639, 641 (1), supra.

After a careful examination of the record and transcript we conclude that under the evidence presented at trial a rational trier of fact could reasonably find the defendant guilty beyond a reasonable doubt of the offense of voluntary manslaughter. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Fordham v. State,* 254 Ga. 59 (1) (325 SE2d 755); *Beck v. State,* 254 Ga. 51, 53 (13) (326 SE2d 465); *Smith v. State,* 173 Ga. App. 625, 626 (1) (327 SE2d 584).

2. Defendant's first two enumerations of error complain of the trial court's failure to give requested charges on self-defense. "However, the charge given by the trial court contained nearly the precise language of the statute (i.e., OCGA § 16-3-21, Code Ann. §§ 26-902, 27-207) and covered the same principles of law as the requested charge. Consequently, [these enumerations are] without merit. See *Kelly v. State,* 241 Ga. 190 (4) (243 SE2d 857) (1978); *Pennamon v. State,* 248 Ga. 611 (3) (284 SE2d 403) (1981)." *Strickland v. State,* 250 Ga. 624, 627 (6) (300 SE2d 156). See also *Wiggins v. State,* 252 Ga. 467, 468 (314 SE2d 212).

3. Defendant's third enumeration of error complains that the court erred in failing to charge as to "aggravated assault with intent to murder." "[Defendant] relied on a defense of justifiable homicide. He contended that he was acting in self-defense or in the alternative that he was using the force necessary to prevent a forcible felony. This is one of the justifications for homicide [OCGA § 16-3-21 (a)]. In order to intelligently consider this defense the jury must be informed as to what constitutes the forcible felony relied upon. Therefore,

when the prevention of a forcible felony is charged as justification and the defendant requests a charge on the specific forcible felony of which there is evidence, it is error to fail to charge the elements of such a felony as it relates to justification." *Wiseman v. State*, 249 Ga. 559, 560-561 (5) (292 SE2d 670). We note that the trial court did charge the elements of "aggravated assault with a deadly weapon" in connection with the issue of justification, such charge being authorized by the evidence. However, in the case sub judice there was no request to charge in regard to "aggravated assault with intent to murder," therefore, we find no error in the absence of such a request.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED JUNE 17, 1985.

*Susan E. Teaster*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Paul Howard, Jr., Margaret V. Lines, Assistant District Attorneys*, for appellee.