S01A0004. HOLMES v. THE STATE.
(543 SE2d 688)

CARLEY, Justice.

A jury found Denarrda V. Holmes guilty of felony murder while in the commission of aggravated assault, and the trial court entered a judgment of conviction and sentenced Holmes to life imprisonment. The trial court denied Holmes' motion for new trial, and he appeals.[1]

---

[4] 271 Ga. 811 (525 SE2d 339) (1999).
[1] The crime occurred on October 22, 1997. The grand jury returned its indictment on February 27, 1998. The jury found Holmes guilty on October 1, 1998. The verdict was filed on October 7, 1998 and, on the same day, the trial court entered the judgment of conviction and sentence. Holmes filed his motion for new trial on October 21, 1998 and amended it on June 7, 2000. The trial court denied that motion on June 30, 2000, and Holmes filed his notice of appeal on July 7, 2000. The case was docketed in this Court on September 12, 2000 and orally argued on January 23, 2001.

1. Construed so as to support the verdict, the evidence shows that Holmes gave some cocaine to the victim, who left without paying for it. When Holmes followed, the two began shoving each other, and the victim verbally threatened Holmes. Holmes then fatally shot the victim. The occurrence of only a tense confrontation did not justify the shooting. *Knight v. State*, 271 Ga. 557, 558 (1) (521 SE2d 819) (1999). Likewise, the testimony of defense witnesses that the victim had a gun does not compel the conclusion that Holmes acted in self-defense, when the State's witnesses testified that the victim did not have a weapon. *Russell v. State*, 267 Ga. 865, 866 (1) (485 SE2d 717) (1997). The jury chose not to believe the defense witnesses' account of the shooting. *Harris v. State*, 267 Ga. 435, 436-437 (1) (479 SE2d 717) (1997). "Witness credibility is to be determined by the jury, OCGA § 24-9-80, as is the question of self-defense when there is conflicting evidence on the issue. [Cits.]" *Russell v. State*, supra at 866 (1). The evidence was sufficient to enable a rational trier of fact to find that Holmes did not act in self-defense when he shot the victim and that he was guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Knight v. State*, supra at 559 (1); *Harris v. State*, supra at 437 (1).

2. Pursuant to *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986) and *Georgia v. McCollum*, 505 U. S. 42 (112 SC 2348, 120 LE2d 33) (1992), the State challenged defense counsel's peremptory strike of a prospective juror. The trial court found that the reason for the strike was pretextual, reinstated the juror, and made an alternate of the previously chosen twelfth juror. Holmes contends that the trial court, by reinstating one juror and removing another, exceeded its constitutional and statutory authority and deprived him of his fundamental right to a fair and impartial jury.

Holmes failed to preserve the issue, as he did not question the proper remedy for the improper peremptory strike until his motion for new trial. Any assertion of a *Batson* issue must be raised before the jurors are sworn, in order to allow the trial court to ensure fairness and conserve judicial resources by applying an appropriate remedy in a timely fashion. *Berry v. State*, 268 Ga. 437, 439 (2) (490 SE2d 389) (1997); *Greene v. State*, 260 Ga. 472, 473 (1) (396 SE2d 901) (1990). Even if Holmes had raised the issue in a timely manner,

> [b]oth the State and a criminal defendant have the constitutional right to have a jury whose members are selected pursuant to nondiscriminatory criteria ([cits.]); "and an individual juror has the *right* not to be excluded from a jury on account of race." [Cit.] The trial court has constitutional authority to exercise such power as necessary in aid of its jurisdiction and to protect its judgments (Ga. Const. 1983,

Art. VI, Sec. I, Par. IV); accordingly, the trial court had the constitutional power to seat an individual juror determined to have been challenged in violation of *Batson*.

(Emphasis in original.) *Ellerbee v. State*, 215 Ga. App. 312, 316-317 (7) (b) (450 SE2d 443) (1994), overruled on other grounds, *Felix v. State*, 271 Ga. 534, 540 (523 SE2d 1) (1999). See also *Russell v. State*, 230 Ga. App. 546, 549 (2) (497 SE2d 36) (1998). This Court and the Court of Appeals " 'have at least implicitly condoned the practice of reinstating improperly challenged jurors. (Cits.)' [Cit.]" *Eppinger v. State*, 231 Ga. App. 614, 616 (5) (500 SE2d 383) (1998). See also *Hyman v. State*, 272 Ga. 492, 494 (2) (531 SE2d 708) (2000). Indeed, the majority of jurisdictions give the trial court the option, in its discretion, to reseat the improperly challenged juror. *Coleman v. Hogan*, 486 SE2d 548, 549 (Va. 1997); *Jones v. State*, 683 A2d 520, 525 (III) (B) (Md. App. 1996).

"The 'prohibition of the discriminatory exercise of peremptory challenges does not violate a defendant's Sixth Amendment right to a trial by an impartial jury. . . . (Cits.)' (Cit.)" [Cit.] When a *Batson* challenge results in a finding that jury selection was not racially neutral and when, as here, the jurors remain unaware of the party who struck them, reinstating improperly challenged jurors does not abridge the defendant's right to a fair and impartial jury.

*Brown v. State*, 218 Ga. App. 469, 472 (3) (462 SE2d 420) (1995). See also *Eppinger v. State*, supra at 616 (5). Thus, the trial court did not exceed its authority or otherwise run afoul of constitutional mandate.

3. Holmes contends that the trial court erred by failing to include in the jury instruction on aggravated assault language regarding the defense of justification. The State contends that Holmes failed to preserve this question for appeal. "The record reveals, however, that the trial court did not inquire as to whether counsel had objections. Therefore, [Holmes] cannot be deemed to have waived the right to raise his objection on appeal." *Tolver v. State*, 269 Ga. 530, 533 (5) (500 SE2d 563) (1998).

The trial court gave the jury correct and complete separate instructions on self-defense, including a charge that justification is a defense to the prosecution of any crime and would authorize acquittal of all charges. No reasonable juror would have understood that the principle of justification did not apply to the underlying felony of aggravated assault. *Alexander v. State*, 259 Ga. 440 (2) (383 SE2d 877) (1989). Therefore, " 'a fair reading of the trial court's charge clearly indicates that the court charged that (the defendant's)

defense of self-defense could apply to the underlying felony.' " *Alexander v. State*, supra at 440-441 (2). See also *Jolly v. State*, 260 Ga. 258, 259 (2) (392 SE2d 527) (1990).

4. The trial court instructed the jury that a person is justified in using force which is intended or likely to cause death or great bodily harm only if he "reasonably believes that such force is necessary to prevent death or great bodily injury to himself, or to prevent the commission of a forcible felony." Holmes urges that the trial court erred in failing to give unrequested charges on robbery by intimidation and robbery by sudden snatching, since these are the forcible felonies which he asserted that he was seeking to prevent the victim from committing.

Nothing in Holmes' testimony indicates that he shot the victim to prevent the commission of robbery by intimidation or by sudden snatching against him. Rather, he testified that he would not have fired the fatal shots if the victim had not drawn a gun. Therefore, the prevention of robbery by intimidation or by sudden snatching "was not reasonably raised by the evidence." *Brown v. State*, 236 Ga. App. 166, 168 (2) (511 SE2d 276) (1999).

Moreover, the trial court's charge was comprehensive and fairly informed the jury "when a homicide is justifiable. The failure to charge the jury on the elements of [robbery], especially in the absence of a written request for such a charge, cannot be held to be prejudicial or harmful error. [Cit.]" *Hill v. State*, 259 Ga. 655, 656 (2) (386 SE2d 133) (1989). See also *White v. State*, 175 Ga. App. 154, 156 (3) (333 SE2d 17) (1985). Compare *Wiseman v. State*, 249 Ga. 559, 561 (5) (292 SE2d 670) (1982) (defendant requested a charge on the specific forcible felony). The Court of Appeals has held that the omission of a charge on the specific forcible felony is, even without a request therefor, substantial error which is harmful as a matter of law under OCGA § 5-5-24 (c). *Laney v. State*, 184 Ga. App. 463, 467 (2) (361 SE2d 841) (1987). However, *Hill v. State*, supra at 656 (2), controls and *Laney* is, accordingly, overruled.

5. (a) Holmes also contends that trial counsel provided ineffective assistance of counsel by objecting to neither the trial court's participation in the jury selection process nor the constitution of the jury. As discussed in Division 2, however, Holmes would not have been entitled to a new trial on this ground even if his attorney had objected in a timely manner. See *Smith v. State*, 231 Ga. App. 677, 684 (6) (499 SE2d 663) (1998); *Polk v. State*, 225 Ga. App. 257, 259 (1) (d) (483 SE2d 687) (1997).

(b) Holmes further complains of defense counsel's failure to request a charge on robbery as part of the charge on self-defense. As set forth in Division 4, the evidence did not support such an instruction. "If there was no evidence to authorize a charge on [robbery], it

could not be ineffective for counsel to fail to request such an unauthorized charge. [Cit.]" *Cammon v. State*, 269 Ga. 470, 473 (4) (a) (500 SE2d 329) (1998). Moreover, the charge on self-defense was otherwise full and fair, and the absence of a written request for any further instruction is only an additional reason why there was no prejudicial error. Thus, the failure to request a more specific self-defense charge regarding forcible felonies did not rise to the level of ineffective assistance of counsel. *Suah v. State*, 271 Ga. 89, 91 (2) (515 SE2d 614) (1999). See also *Cammon v. State*, supra at 473 (4) (a).

(c) Holmes also urges that his trial attorney rendered ineffective assistance when he failed to object to a portion of the prosecutor's closing argument. The contested reference indicated that, after shooting the victim, Holmes again committed aggravated assault when he struck the victim in the head. Holmes contends that this argument was improper because he was charged only with aggravated assault by shooting the victim, not by striking him. At the hearing on the motion for new trial, Holmes' new attorney did not ask trial counsel why he did not object to the prosecutor's argument. " 'In the absence of testimony to the contrary, counsel's actions are presumed strategic.' " *Turner v. State*, 236 Ga. App. 592, 596 (3) (512 SE2d 699) (1999). A decision by trial counsel not to object to a portion of closing argument may indeed fall within the ambit of trial strategy. *Daniel v. State*, 228 Ga. App. 634, 637 (492 SE2d 542) (1997). In this case, "[a]n objection may simply have highlighted the point being made by the prosecution, so we cannot say this was not a valid exercise of professional judgment." *Jackson v. State*, 243 Ga. App. 289, 292 (3) (c) (531 SE2d 747) (2000). Moreover, the trial court correctly instructed the jury that a person commits aggravated assault "by shooting" another with a firearm, that the State has the burden of proving every material allegation of the indictment, and that the evidence does not include the closing arguments. See *Polk v. State*, supra at 258 (1) (b). "Qualified jurors under oath are presumed to follow the instructions of the trial court." *Gentry v. State*, 212 Ga. App. 79, 83 (4) (441 SE2d 249) (1994). See also *Smith v. State*, 267 Ga. 372, 374 (3) (477 SE2d 827) (1996).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 16, 2001 —
RECONSIDERATION DENIED APRIL 5, 2001.

*Charles H. Frier*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Peggy R. Katz, Assistant District Attorneys, Thurbert E. Baker, Attorney*

*General, Paula K. Smith, Senior Assistant Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.