### A09A2256. DAY v. THE STATE.
(691 SE2d 920)

BARNES, Judge.

Donald Day appeals his convictions for two counts of aggravated child molestation, statutory rape, and six counts of child molestation. He contends his defense counsel was ineffective and that the trial court erred by admitting a medical report. For the reasons stated below, we affirm his convictions.

The principles applicable to appellate review of a criminal conviction are stated in *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997). Viewed in the light most favorable to the verdict, the evidence shows that Day forced the 13-year-old victim to engage in numerous sex acts with him. A trained sexual assault nurse examined the victim and found evidence of sexual activity. In addition, a videotape of the nurse's interview of the victim in which she related the details of Day's actions was played for the jury.

Day was found guilty and subsequently filed a motion for new trial alleging, among other grounds, that his defense counsel rendered ineffective assistance within the meaning of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The trial court denied the motion, and this appeal followed.

1. Day alleges the trial court erred by admitting in evidence the final report of the nurse over his objection because he received it less than ten days before the trial. He contends the new report, which was received only five days before the trial, differed significantly from the nurse's initial report and that it was unfair and prejudicial to allow testimony about it. The initial report, received over one year and six months before the trial, stated that the examination of the victim was normal and without evidence of sexual abuse, but the new report stated there was a suspicion of sexual abuse.

Contrary to Day's allegation, however, the prosecutor never

moved to admit the nurse's report into evidence, nor did the trial court admit it. Instead, the trial court initially prohibited the prosecution from calling the nurse, ordered the prosecution to allow Day to interview her, and recessed the case early so he could do so. After interviewing the nurse, Day's counsel renewed his objection and asked that the nurse not be allowed to testify. The trial court, however, allowed the nurse to testify over Day's objection and she was cross-examined at length. At the conclusion of the nurse's testimony, Day's motion to strike her testimony entirely was denied. We find no error.

First, Day's argument that it was unfair to "allow testimony about the report" is not the error he enumerated, and matters not enumerated as error will not be considered on appeal. *Rider v. State*, 226 Ga. 14, 15 (2) (172 SE2d 318) (1970). Second, and as important, Day was not entitled to the sanction he requested. The transcript shows that the prosecution became aware of the second report when the prosecutor spoke with the nurse on the Wednesday before the trial was to begin the following Monday. Until that time, the prosecution had the same understanding as Day's defense counsel that only one report existed. During that conversation, the prosecutor learned that a final report existed and immediately had the nurse fax him a copy of the report. Within minutes of receiving it, the prosecutor personally handed a copy of it to Day's defense counsel.

After the prosecution complied with OCGA § 17-16-4 (c) by promptly notifying Day's counsel of the final report's existence and provided a copy to him, Day's counsel did not seek any of the several remedies available in the two business days remaining in that week or before the trial began. See OCGA § 17-16-6.[1] Instead, Day's counsel announced ready for trial and did not raise this issue until after the jury was selected, three other witnesses had testified, and the nurse was called to the stand.

Additionally, the remedy he sought was only available upon a showing of prejudice and bad faith, OCGA § 17-16-6, and the evidence does not support such a finding. The prosecutor only learned of the report minutes before delivering a copy to Day's counsel, and no evidence even suggests that the prosecution knew of the report earlier. Therefore, the trial court did not err by refusing to

---

[1] If at any time during the course of the proceedings it is brought to the attention of the court that the state has failed to comply with the requirements of this article, the court may order the state to permit the discovery or inspection, interview of the witness, grant a continuance, or, upon a showing of prejudice and bad faith, prohibit the state from introducing the evidence not disclosed or presenting the witness not disclosed, or may enter such other order as it deems just under the circumstances. . . . The court may specify the time, place, and manner of making the discovery, inspection, and interview and may prescribe such terms and conditions as are just.

exclude the nurse's testimony. *Dixon v. State*, 252 Ga. App. 385 (556 SE2d 480) (2001).

2. Day alleges his counsel was ineffective because he did not investigate or prepare for trial and did not request a continuance before the trial began. Under our law,

> [t]o prevail on a claim of ineffective assistance, a defendant must show that counsel rendered deficient performance and that actual prejudice resulted. Counsel are strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment, and counsel's performance is evaluated without reference to hindsight. A petitioner has suffered actual prejudice only where there is a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Ineffective assistance claims are mixed questions of law and fact. We accept the [trial] court's findings of fact unless clearly erroneous and independently apply the law to those facts.

(Citation and punctuation omitted.) *Head v. Hill*, 277 Ga. 255, 266 (VI) (587 SE2d 613) (2003). Further, when considering a claim of ineffectiveness, a critical distinction exists between inadequate preparation and unwise trial strategy. *Hudson v. State*, 250 Ga. 479, 486 (8) (299 SE2d 531) (1983). Especially in matters of trial tactics, a Sixth Amendment claim cannot be judged by hindsight or result. *Slade v. State*, 270 Ga. 305, 307 (2) (509 SE2d 618) (1998).

The allegation regarding lack of preparation is based upon Day's testimony that his attorney told him that no investigation was ever done and upon the testimony of Day and his mother that the attorney said he did not "do his homework." Day also testified that he believed that the nurse's final report should have been excluded.

Day's attorney, however, testified that he did not tell Day or his mother that he did not do his homework, but instead told them that, on appeal, Day would have to contend that counsel or the trial court did something wrong. Although the trial court did not make a specific finding on this issue, implicit in the denial of Day's motion for a new trial on this ground is a finding that the court accepted counsel's explanation of the events. As this finding is not clearly erroneous, we must accept it. *Smith v. State*, 234 Ga. App. 586, 589 (1) (a) (ii) (506 SE2d 406) (1998).

Additionally, Day's vague allegations about his attorney's performance do not establish a reasonable probability that the outcome of his trial would have been different. Thus Day has not overcome

the presumption that counsel acted reasonably. See *Holmes v. State*, 273 Ga. 644, 648 (5) (c) (543 SE2d 688) (2001).

The allegation that Day's counsel was ineffective because he did not request a continuance before the trial began relates to matters outside of the record, and the trial counsel's testimony generally is needed to evaluate such a claim. See *Dawson v. State*, 258 Ga. 380, 381 (3) (369 SE2d 897) (1988). Consequently, without the trial counsel's testimony addressing why he did not request a continuance, Day has not met his burden of showing that the failure to request one constituted ineffective assistance of counsel. See *Hines v. State*, 248 Ga. App. 752, 756 (3) (548 SE2d 642) (2001). "In the absence of testimony to the contrary, counsel's actions are presumed strategic. [Cits.]" *Earnest v. State*, 262 Ga. 494, 496-497 (422 SE2d 188) (1992). The mere fact that present counsel would have pursued a different strategy does not render trial counsel's strategy unreasonable. *Stokes v. State*, 281 Ga. 825, 833 (8) (b) (642 SE2d 82) (2007). Although Day argues that it is likely a continuance would have been granted, he has presented no evidence showing that a continuance would have been beneficial or that there is a reasonable probability that the outcome of his trial would have been different had he been granted one.

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED MARCH 17, 2010.

*Jennifer E. Hildebrand*, for appellant.
*Herbert E. Franklin, Jr., District Attorney, Christopher A. Arnt, Assistant District Attorney*, for appellee.